

**Ivan D. Smith**
212 440 4423
Ivan.Smith@bipc.com

640 Fifth Avenue
9th Floor
New York, NY  10019-6102
T 212 440 4400
F 212 440 4401

December 18, 2020

<u>**VIA ECF**</u>

Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: <u>Arazi et al. v. Cohen Brothers Realty Corporation</u>
    <u>Case No. 1:20-cv-08837</u>

Dear Judge Woods:

  We represent defendant Cohen Brothers Realty Corporation ("Defendant" or "Cohen") in the above-referenced matter. In accordance with the Your Honor's Individual Rules of Practice, we write respectfully to inform the Court that Defendant intends to file a partial motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), in connection with the complaint filed in the above-referenced matter (the "Complaint" or "Complt."). We respectfully request the Court to schedule a pre-motion conference.

  In the Complaint, Plaintiffs Roseann Hylemon ("Hylemon"), Evelyn Julia, and Corrine Arazi ("Arazi"), (collectively "Plaintiffs"), assert wage and hour claims under the Fair Labor Standards Act ("FLSA") and New York State law, sex discrimination claims under New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). In addition, Hylemon and Arazi assert disability discrimination claims under the NYSHRL and the NYCHRL. Defendant intends to move to dismiss the NYSHRL and NYCHRL disability claims as plaintiffs have failed to meet the minimum pleading standards with respect to these claims.

  I.  Hylemon's Disability Discrimination Claims

  In the Complaint, Hylemon alleges that Cohen discriminated against her because of her disability, Multiple Sclerosis ("MS"), by refusing to accommodate her request to work from home. On March 23, 2020, she informed Cohen that she would not come to the office until it was safe from the pandemic since she was at high risk due to her MS. (Complt. ¶ 138). Previously, Hylemon had requested to work from home and was told that the Company had "no work from home policies … stay home permitted when using sick, personal or vacation time … beyond without pay". (Complt. ¶ 118) Effective May 4, 2020, Cohen placed Hylemon on furlough. She presently remains on furloughed status. (Complt. ¶ 160)

December 18, 2020
Page - 2 –

      To plead a case for disability discrimination for failure to accommodate under the NYSHRL and the NYCHRL, a plaintiff must show that: (1) [her] employer was subject to the NYSHRL and the NYCHRL; (2) [she] was *disabled*, within the meaning of those statutes; (3) she was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) she suffered an adverse employment action because of this disability. *Mobley v. Madison Square Garden LP*, No. 11-cv-8290, 2012 U.S. Dist. LEXIS 85467, 2012 WL 2339270, at *3 (S.D.N.Y. June 14, 2012) (citing G*raves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006)) (emphasis added).

      Hylemon cannot make out a *prima facie* case of disability discrimination because she cannot establish that she was disabled within the meaning of either statute. Hylemon does not allege that she needed a reasonable accommodation due to complications with her MS. Rather, she alleges in the Complaint that she needed an accommodation because she was "at high risk" for the Covid-19 (Complt. ¶138) due to MS.  However, the state of being at-risk for a serious ailment without any physical manifestations does not constitute a disability. See *Simmons v. Woodycrest Ctr. for Human Dev., Inc.,* 2011 U.S. Dist. LEXIS 24513, *13-14 (S.D.N.Y. March 8, 2011) ("there is no authority, nor support in the record here, for the claim that [a] condition — which, though a risk factor for several serious ailments, standing alone has no physical manifestations —constitutes a disability under the NYSHRL or NYCHRL"). Accordingly, because Hylemon did not claim that she was disabled due to MS, Cohen had no obligation to engage her in an interactive process regarding a reasonable accommodation.

      In addition, Hylemon's claim that Cohen failed to engage her in an interactive process regarding a reasonable accommodation fails for another reason.  The reasonable accommodation Hylemon sought was the ability to work from home.  According to the Complaint, Defendant had already informed its employees via email that it did not have a work from home policy. (Complt. ¶ 118).  To the extent Cohen was obligated to engage in an interactive process, it fulfilled its obligation with the email.

      In the absence of a disability, it is not possible to establish a disability discrimination claim and the employer does not have an obligation to accommodate such non-existent disability. For the reasons stated above Defendant will move to dismiss Counts 10 and 11 as they pertain to Hylemon.

    II.    Arazi's Associational Discrimination Claims

      Defendant intends to move to dismiss Arazi's disability discrimination claims under the NYSHRL and NYCHRL.  Arazi alleges that her partner developed Covid-19 and Defendant failed to engage her in an interactive process regarding reasonable accommodation due to her partner's disability and discriminated against her on the basis of this association, by refusing her request to work from home.  In addition, Arazi alleges that Cohen's decision to place her on furlough was also motivated by her association with her partner who had been sick with COVID-19.  (Complt. ¶ 159)

      In order to establish a claim for associational discrimination, Arazi must demonstrate, inter alia that: (1) at the time of her termination (or adverse action), Cohen knew she had a relative or associate with a disability; and (2) that the adverse action occurred under circumstances raising a reasonable inference that the disability of the relative or associate

December 18, 2020
Page - 3 –

was a determining factor in the [adverse employment action]. See *Simmons v. Woodycrest Ctr. for Human Dev., Inc.*, 2011 U.S. Dist. LEXIS 24513, *13 (S.D.N.Y. March 8, 2011).

Arazi will not be able to establish the first and second prongs of the test because Arazi's partner did not have a disability under New York Law.  No court has held that the Covid-19 is a disability under NYSHRL and NYCHRL. Similar to the flu virus, Covid-19 is a transitory impairment and is not a disability. Federal case law is instructive on this matter.  An employee is not "regarded as" disabled if the impairment that he is regarded as having is both "transitory and minor." 42 U.S.C. § 12102(3)(B); 29 C.F.R. § 1630.15(f).   The legislative history of the "transitory and minor" ADA exception, indicates that its purpose is to exclude "common ailments like the cold or flu" from being considered disabilities under the "regarded as" prong. 29 C.F.R. pt. 1630. Therefore, Arazi cannot establish associational discrimination because her Partner was not disabled under either NYSHRL or NYCHRL.

Finally, an employer has no obligation to accommodate the disability of an employee's spouse or partner. New York City explicitly states so: "Employers are not required by the NYCHRL to provide accommodations based on an employee's status as a caregiver or because of their relationship or association with someone with protected status, such as a disability." *Covid-19 and Human Rights* (September 24, 2020). Although the regulations are not binding, courts in the Second Circuit afford them significant deference. See *Francis v. City of Meriden*, 129 F.3d 281, 283 n.1 (2d Cir. 1997); see also *Norman v. NYU Langone Health Sys.*, 2020 U.S. Dist. LEXIS 180990, *16 (S.D.N.Y. September 16, 2020). Therefore, Cohen had no obligation accommodate Arazi's partner alleged disability.

For these reasons, Cohen will move to dismiss Counts 10 and 11 of the Complaint in their entirely.

Respectfully submitted,

/s/ Ivan D. Smith
Ivan D. Smith

cc:   Andrea Maria Paparella, Esq. (via ECF)
      Michael Evan Grenert, Esq. (via ECF

4831-9061-3459, v. 2