UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

CORRINE   ARAZI,   ROSEANN   HYLEMON,   and
EVELYN JULIA,

                Plaintiffs,

-against-

COHEN BROTHERS REALTY CORPORATION,

                Defendant.

-------------------------------------------------------------X

Case No. 20-cv-08837(GHW)(SDA)


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S PARTIAL MOTION TO DISMISS


Ivan D. Smith, Esq.

BUCHANAN INGERSOLL & ROONEY PC

*Attorneys for Defendant*
*Cohen Brothers Realty Corporation*

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................1

PRELIMINARY STATEMENT ...........................................................................1

PERTINENT ALLEGATIONS OF THE AMENDED COMPLAINT .........................................2

    A.    Overtime Pay under the FLSA and the NYLL .................................. 3

    B.    Hostile Work Environment/Sexual Harassment ....................................... 4

    C.    Plaintiffs Refused to Come to Work and Cohen Placed Them on Furlough .......... 4

STANDARD OF REVIEW ....................................................................................5

ARGUMENT ........................................................................................................7

    POINT I      PLAINTIFFS' HOSTILE WORK ENVIRONMENT CLAIMS SHOULD BE DISMISSED ............................. 7

    POINT II     HYLEMON FAILS TO ESTABLISH THAT SHE SUFFERS FROM A DISABILITY UNDER NEW YORK LAW ..................................................... 13

    POINT III    ARAZI FAILS TO STATE A CLAIM OF ASSOCIATIONAL DISABILITY DISCRIMINATION UNDER NEW YORK LAW ....................................... 18

CONCLUSION.....................................................................................................19

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................5, 6, 9

*ATSI Communs v. Shaar Fund, Ltd*,
    493 F.3d 87 (2d Cir. 2007)..............................................................................6

*Bar-Tur v. Arience Capital Mgmt, L.P.*,
    490 Fed. Appx. 392 (2d Cir. Aug. 3, 2012).....................................................16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................5

*Bonner v. Guccione*,
    178 F.3d 581 (2d Cir. 1999).............................................................................8

*Breitztein v. Michael C. Fina*,
    2016 N.Y. Misc. LEXIS 3591 (N.Y. Cnty 2016) ..............................................13

*Burch v. Pioneer Credit Recovery, Inc.*,
    551 F.3d 122 (2d Cir. 2008).............................................................................6

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002).............................................................................6

*Cortec Indus., Inc. v. Sum Holding L.P.*,
    949 F.2d 42 (2d Cir. 1991)...............................................................................6

*Daeisadeghi v. Equinox Great Neck, Inc.*,
    794 Fed. Appx. 61 (2d Cir. 2019)....................................................................11

*DeJesus v. HF Mgmt. Servs, LLC*,
    726 F.3d 85 (2d Cir. 2013)...............................................................................6

*E.E.O.C. v. Bloomberg L.P.*,
    967 F. Supp. 2d 816 (S.D.N.Y. 2013)..............................................................7

*Fattoruso v. Hilton Grand Vacations Co. LLC*,
    873 F. Supp.2d 569 (S.D.N.Y. 2012)...............................................................12

*Fiore v. Medina*,
    2012 U.S. Dist. LEXIS 143333 (S.D.N.Y. Sept. 27, 2012)...............................16

*Gorokhovsky v. N.Y.C. Hous. Auth.*,
    552 F. App'x 100 (2d Cir. 2014) ........................................................................11

*Graves v. Finch Pruyn & Co., Inc.*,
    457 F.3d 181 (2d Cir. 2006)...............................................................................14

*Gregory v. Daly*,
    243 F.3d 687 (2d Cir. 2001)..................................................................................6

*Harris v. Forklift Sys., Inc.*,
    510 U.S. 17 (1993)..............................................................................................10

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009)....................................................................................9

*Howley v. Town of Stratford*,
    217 F.3d 141 (2d Cir. 2000)..................................................................................8

*Inman v. City of New York*,
    2011 U.S. Dist. LEXIS 104232 (S.D.N.Y. Sept. 13, 2011)................................13

*Int'l Audiotext Network, Inc. v. A.T. & T. Co.*,
    62 F.3d 69 (2d Cir. 1995)......................................................................................6

*Littlejohn v. City of New York*,
    795 F.3d 297 (2d Cir. 2015)................................................................................10

*Martinez v. New York State Div. of Human Rights*,
    2015 U.S. Dist. LEXIS 12536 (S.D.N.Y. February 2, 2015) ...............................19

*Mastafa v Chevron Corp.*,
    770 F.3d 170 (2d Cir. 2014)..................................................................................9

*McCloud v. Palladia, Inc.*,
    2008 U.S. Dist. LEXIS 142287 (E.D.N.Y. July 28, 2009)...................................14

*Mihalik*, 715 F.3d 102, 111 (2d. Cir. 2013) ................................................................12

*Mobley v. Madison Square Garden*
    LP, No. 11-cv-8290, 2012 U.S. Dist. LEXIS 85467 (S.D.N.Y. June 14, 2012)....................14

*Norman v. NYU Langone Health Sys.*,
    2020 U.S. Dist. LEXIS 180990 (S.D.N.Y. Sept. 16, 2020)................................17

*T.P. ex rel. Patterson v. Elmsford Union Free Sch. Dist.*,
    No. 11-CV-5133, 2012 U.S. Dist. LEXIS 38500 (S.D.N.Y. Feb. 27, 2012)..........................17

*Phillips v. City of New York*,
    66 A.D.3d 170, 884 N.Y.S.2d 369 (1st Dept. 2009)...............................................15

*Phillips v. County of Orange,*
    894 F. Supp.2d 345 (S.D.N.Y. 2012)................................................................17

*Rivera v. Rochester Genesee Reg'l Transp. Auth.,*
    743 F.3d 11 (2d Cir. 2014)...............................................................................10

*Rogers v. Bank of N.Y. Mellon,*
    2016 U.S Dist. LEXIS 107780 (S.D.N.Y. Aug. 15, 2016).......................................9

*Rogers v. City of New York,*
    359 Fed. Appx. 201 (2d Cir. Dec. 31, 2009) ....................................................17

*Russomanno v. Murphy,*
    No. 09-cv-8806 (RJH), 2011 U.S. Dist. LEXIS 17248 (S.D.N.Y. Feb. 16,
    2011) .................................................................................................................6

*Simmons v. Woodycrest Ctr. for Human Dev., Inc.,*
    2011 U.S. Dist. LEXIS 24513 (S.D.N.Y. March 8, 2011) ..............................15, 18

*Wilson v. N.Y.P. Holdings, Inc.,*
    2009 U.S. Dist. LEXIS 28876 (S.D.N.Y. Mar. 31, 2009) ...................................13

*Zick v. Waterfront Comm'n of N.Y. Harbor,*
    2012 U.S. Dist. LEXIS 144920 (S.D.N.Y. October 4, 2012)................................19

*Zick v. Waterfront Comm'n of N.Y. Harbor,*
    2012 U.S. Dist. LEXIS 144920 (S.D.N.Y. October 4, 2012)................................17

**Statutes**

42 U.S.C. § 12102(3)(B)..............................................................................18, 19

N.Y. Exec. Law § 292(21) ................................................................................14

N.Y. Exec. Law § 296......................................................................................2

N.Y. Exec. Law § 296(1)(a)...............................................................................14

N.Y. Lab. Law § 191 ........................................................................................1

N.Y. Lab. Law § 193 ........................................................................................1

N.Y. Lab. Law § 195(1)......................................................................................1

N.Y. Lab. Law § 195(3)......................................................................................2

N.Y. Lab. Law § 198 .....................................................................................1, 2

N.Y. Lab. Law § 663(1)......................................................................................1

N.Y. Lab. Law § 740 ...................................................................................................................2

**Rules**

Fed. R. Civ. P. 12(b)(6)...................................................................................................5, 6, 9, 19

**Other Authorities**

29 C.F.R. pt. 1630.................................................................................................................18, 19

29 C.F.R. § 1630.15(f).........................................................................................................18, 19

12 N.Y.C.R.R. § 142....................................................................................................................1

12 N.Y.C.R.R. § 142....................................................................................................................1

N.Y.C. Admin Code § 8-101 .......................................................................................................2

Katie Rosenblum, *Multiple Sclerosis and COVID-19: What We Know Now*
    (August 14, 2020, Cedars-Sinai Blog)...................................................................................17

Margaret C. Jasper, Legal Almanac: *The Americans With Disabilities Act* § 2.5
    (2012).....................................................................................................................................19

*New York City Health*, *COVID-19: Prevention and Groups at Higher Risks,*
    (December 22, 2020) ............................................................................................................16

## INTRODUCTION

Defendant Cohen Brothers Realty Corporation ("Cohen" or "Defendant"), by its undersigned attorneys, Buchanan Ingersoll & Rooney PC, submits this Memorandum of Law in support of its partial motion to dismiss certain claims in Counts 7, 8, and Counts 10 and 11 in their entirety of the Amended Complaint filed on January 12, 2021 (the "Am. Complt.") by Plaintiffs Corrine Arazi ("Arazi"), Roseann Hylemon ("Hylemon") and Evelyn Julia ("Julia"), (collectively "Plaintiffs").

## PRELIMINARY STATEMENT

Plaintiffs filed an initial complaint against Cohen on October 22, 2020. On January 12, 2021, Plaintiffs filed the amended complaint and withdrew Arazi's claims of failure to reasonably accommodate her due to her partner's disability and/or perceived disability, and to engage in an interactive process, under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL").

In the Am. Complt., Plaintiffs assert eleven causes of action:

(1)     failure to pay overtime in violation of the Fair Labor Standards Act § 207, et seq. ("FLSA");

(2)     failure to pay overtime in violation of the New York Labor Law §§ 663(1), 12 NYCRR §§ 142 and 198;

(3)     failure to pay spread of hours pay under 12 NYCRR § 142 and New York Labor Law § 198;

(4)     failure to pay wages under New York Labor Law §§ 191, 193, and 198;

(5)     failure to provide proper notice in violation of New York Labor Law §§ 195(1) and 198;

(6)     failure to provide proper wage statements in violation of New York Labor Law §§ 195(3) and 198;

(7)     gender-based hostile work environment/sexual harassment in violation of the Administrative Code of the City of New York § 8-101, et seq. ("NYCHRL");

(8)     gender-based hostile work environment/sexual harassment in violation of the New York State Executive Law § 296, et seq. ("NYSHRL");

(9)     retaliation in violation of New York Labor Law § 740 et seq.;

(10)    disability/perceived disability/associational disability discrimination and failure to engage in an interactive process and give reasonable accommodations in violation of the NYCHRL; and

(11)    disability/perceived disability/associational disability discrimination and failure to engage in an interactive process and give reasonable accommodations in violation of the NYSHRL.

Defendant now moves, pursuant to Fed. R. Civ. Pr. 12(b)(6) to dismiss parts of Counts 7 and 8 – gender based hostile work environment claims under NYSHRL and NYCHRL, and Counts 10 and 11 – disability claims under NYSHRL and NYCHRL -- in their entirety for failure to state a claim.

## PERTINENT ALLEGATIONS OF THE AMENDED COMPLAINT

Cohen is a renowned real estate company located at 750 Lexington Avenue, New York, New York.  Cohen holds over 12 million square feet of commercial property nationwide.  (*Am. Complt. ¶¶ 4-7*).  There are three Plaintiffs:

- Arazi is currently Executive Assistant to Chief Executive Officer Charles S. Cohen. Defendant hired her on December 5, 2016. Since May 4, 2020, she has been on furlough status. (*Am. Complt. ¶ 8*).

- Hylemon is Executive Assistant to the Chief Operating Officer Steve Cherniak. She was previously Executive Assistant to the Chief Executive Officer from March 14, 2014 to March 2016. She has been on furlough since May 4, 2020. (*Am. Complt. ¶ 28*).

- Julia is a former Senior Showroom Leasing Administrator. Cohen hired her on November 5, 2018. (*Am. Complt. ¶ 40*) Cohen placed Julia on furlough on May 4, 2020. Julia resigned without notice during the summer 2020.

A.  <u>Overtime Pay under the FLSA and the NYLL</u>

Plaintiffs allege that from March 14, 2014 to May 4, 2020, Defendant erroneously classified them as exempt employees and failed to pay them overtime wages. (*Am. Complt. ¶¶ 22, 37, 45*). First, Arazi alleges that from April 7, 2018 to March 13, 2020, she worked an average of approximately 55 hours or more per week in the office, in addition to 9 hours during early mornings and late evenings and on weekends, for a total of approximately 64 hours per week (*Am. Complt. ¶ 15*). Arazi has held the position of Executive Assistant with Cohen since December 5, 2016. From December 5, 2016 to December 8, 2017, she earned a salary of $90,000. Her salary increased to $95,000 on December 9, 2017 and to $100,000 on December 18, 2018. Finally, Cohen raised her salary again to $110,000 on December 14, 2019. (*Am. Complt. ¶ 9*)

Second, Hylemon alleges that from March 14, 2014 to March 2016, she worked an average of approximately 66.5-71.5 hours per week and, from March 2016 to March 13, 2020, she worked an average of approximately 44.5 hours per week. (*Am. Complt. ¶¶ 31-34*). In 2014, she earned

a salary of $85,000.  Her salary increased to $90,000 in 2015, $93,000 in 2016, $98,000 in 2018 and finally to $103,499.76 in 2019. (*Am. Complt. ¶ 30*)

Third, Julia alleges that from November 5, 2018 to March 18, 2020, she worked an average of 42.5 hours per week as a Senior Showroom Leasing Administrator.  Her starting salary was $78,000, which was increased to $83,000 in November 15, 2019.  (*Am. Complt. ¶¶ 40-43*)

B.     Hostile Work Environment/Sexual Harassment

Julia alleges that, throughout her employment, she had been subjected to various unwelcomed instances of sexual harassment by her direct supervisor, Mr. Fredericks, senior vice president, National Leasing Director and David Fogel, Senior Vice President. (*Am. Complt. ¶¶ 49-60, 67*)  Hylemon claimed that she witnessed much of the alleged sexual harassment of Julia. (*Am. Complt. ¶ 61*)

Plaintiffs allege that they were subjected to gender-based hostile work environment. Specifically, Hylemon alleges that she worked as Executive Assistant to the Chief Executive Officer, Charles S. Cohen, from March 2014 to December 2016.  She alleges that Mr. Cohen verbally abused, screamed at, berated, and belittled, thus creating a gender-based hostile work environment and a culture of fear at the office.  (*Am. Complt. ¶ 75*) Hylemon claims that Mr. Cohen's behavior caused her to switch jobs in 2016 to work for Mr. Cherniak instead.  Hylemon and Julia allege that Mr. Cohen would scream at Arazi and they heard many of the episodes. Plaintiffs allege that Mr. Cohen would scream at other employees and some those employees would beg Arazi to deliver documents to Mr. Cohen in their stead.  (*Am. Complt. ¶¶ 73-74, 84, 86*)

C.     Plaintiffs Refused to Come to Work and Cohen Placed Them on Furlough

On March 16, 2020, Mr. Cherniak sent an email to all employees offering a) no cost parking, and b) carpooling to have all employees come to work at the office.  (*Am. Complt. ¶ 115*)

On March 23, 2020, Hylemon informed Cohen that she would not come to the office until it was safe from the pandemic since she was at high risk due to Multiple Sclerosis ("MS"). (*Am. Complt. ¶¶ 138, 150*) Previously, Hylemon had requested to work from home and Cohen told her that the company had "no work from home policies … stay home permitted when using sick, personal or vacation time … beyond without pay." (*Am. Complt. ¶ 118*)  Therefore, in light of her refusal to come to work and the absence of work from home policy, effective May 4, 2020, Cohen placed Hylemon on furlough.  She presently remains on furlough.  (*Am. Complt. ¶ 160*)

Similarly, Arazi told Cohen she would not come to the office because her partner was ill with Covid-19.  In light of her refusal to come to work and the absence of work from home policy, effective May 4, 2020, Cohen placed Arazi on furlough.  She presently remains on furlough. (*Am. Complt. ¶ 143).*On April 30, 2020, Julia informed Cohen that she would stay at home until May 15, 2020 as she was self-quarantining since her roommate was ill.  (*Am. Complt. ¶154*) Cohen placed Julia on furlough effective May 4, 2020.  (*Am. Complt. ¶155*)

## **STANDARD OF REVIEW**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is permitted to dismiss a plaintiff's action, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, 556 U.S. at 678* (citing *Twombly*, 500 U.S. at 556).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge" claims "across the line

from conceivable to plausible." *Id.* "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Communs v. Shaar Fund, Ltd,* 493 F.3d 87, 98 (2d Cir. 2007). The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). However,

> "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. A complaint must therefore contain more than 'naked assertion[s] devoid of further factual enhancements.' Pleadings that contain 'no more than conclusions … are not entitled to the assumption of truth' otherwise applicable to complaints in the context of motions to dismiss."

*DeJesus v. HF Mgmt. Servs, LLC*, 726 F.3d 85, 87-88 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678-79).

"In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may consider assertions made within 'the four corners of the complaint itself.'" *Russomanno v. Murphy*, No. 09-cv-8806 (RJH), 2011 U.S. Dist. LEXIS 17248, at *3 (S.D.N.Y. Feb. 16, 2011) (quoting *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)). A court may also consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in [the complaint] by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. A.T. & T. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). Finally, a court may consider any matters that are subject to judicial notice, including publicly filed documents. *See Cortec Indus.*, *Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

As argued below, Plaintiffs have failed to adequately state claims for disability discrimination, associational discrimination, failure to engage in an interactive process, failure to

provide reasonable accommodations under New York State Law.  Additionally, Hylemon and Arazi's hostile work environment claims, based on conduct that occurred prior October 22, 2017, are time-barred and fail to meet the applicable pleading standards. Accordingly, these claims should be dismissed.

## ARGUMENT

### POINT I

### PLAINTIFFS' HOSTILE WORK ENVIRONMENT CLAIMS SHOULD BE DISMISSED

In Counts 7 and 8, Plaintiffs allege gender-based hostile work environment claims under the NYSHRL and the NYCHRL.  The hostile work environment claims fail for three reasons. First, Hylemon's hostile work environment claims are time-barred. Even if Hylemon is able to rely on the continuous violation doctrine, the alleged incidents were not sufficiently continuous and concerted to have altered the conditions of her employment. Second, the allegations of gender-based discrimination are conclusory and do not support a basis to conclude that the complained-about conduct were directed at the plaintiffs because of their gender. Last, the NYCHRL is not a general civility code and the alleged acts are nothing more than petty slights and trivial inconveniences.

First, both the NYSHRL and the NYCHRL carry a three-year statute of limitations. *E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 831 (S.D.N.Y. 2013) ("Under the NYSHRL and NYCHRL, the statute of limitations is three years from the date that the claim accrued.")(internal citations omitted). With respect to Hylemon, the alleged acts described in the Am. Complt., which purportedly form the basis of the hostile work environment claims, occurred when she worked as Executive Assistant to Charles S. Cohen from March 2014 to December 2016. (*Am. Complt. ¶ 71-86*).  Accordingly, these alleged acts occurred more than three years from October 22, 2020, the filing date of the original complaint.  Because the alleged acts took place

outside of the three-year statute of limitations period, Hylemon's hostile work environment claims against Defendant are time barred and must be dismissed.  Similarly, Arazi's claims based on conduct outside the statute of limitations period should be dismissed.

Plaintiffs may not avail themselves of the continuous violation doctrine to try and save the discrimination claims.  In order to establish that the continuing violation doctrine applies, plaintiffs would have to "demonstrate that [there was] a continuous policy and practice of discrimination, and that one act in furtherance of the policy and practice fell within the [statute of limitations] period." *Bonner v. Guccione*, 178 F.3d 581, 584 (2d Cir. 1999) (emphasis added). In the present case, there is none. The Am. Complt. does not contain additional allegations applicable to the gender-based hostile work environment claims.  Plaintiffs vaguely state that "Ms. Hylemon continued to have to do some work for Mr. Cohen, and he continued to yell at her." (*Am. Complt* ¶ 85). Such vague and isolated instances of alleged harassment do not usually suffice to establish a hostile work environment. Rather, the plaintiff must show either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her employment. *Howley v. Town of Stratford*, 217 F.3d 141, 153 (2d Cir. 2000). The Am. Complt. fails to do so. Indeed, Hylemon concedes herself that she stopped working for Charles S. Cohen in 2016 and worked indirectly for him in the following years. *(Am. Complt. ¶ 71)* While Hylemon claimed that she heard many of the episodes in which Mr. Cohen raged at Arazi, she only describes the conduct in conclusory terms. *(Am. Complt. ¶ 73)* Moreover, the language plaintiffs ascribe to Mr. Cohen did not refer to plaintiffs' gender or sex.  Plaintiffs do not allege that Mr. Cohen uttered any gender-based jokes or comments.  Plaintiffs' only evidence of gender-based discrimination is the allegation that Mr. Cohen directed the conduct toward Plaintiffs, who are women.

As Plaintiffs are unable to point to any discriminatory conduct that falls within the limitations period, they will not be able to avail themselves of the continuing violation doctrine. For these reasons, Hylemon's gender-based hostile work environment claims should be dismissed. To the extent the claims of the other Plaintiffs depend on the events that occurred prior to October 22, 2017, those claims should be dismissed as well.

Second, the allegations of gender-based hostile work environment are conclusory and conclusory allegations are insufficient to withstand a motion to dismiss.

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g., Iqbal*, 556 U.S. at 678; *Mastafa v Chevron Corp.,* 770 F.3d 170, 177 (2d Cir. 2014). Moreover, "[a]lthough a court must accept as true all the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action … do not suffice" to survive a motion to dismiss. *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009). Under the above standards, Hylemon's and Arazi's hostile work environment claims fail and should be dismissed at this stage.

To prevail on a hostile work environment claim under NYSHRL, a plaintiff must demonstrate that: "(1) she is a member of a protected class; (2) she suffered unwelcome harassment; (3) she was harassed because of her membership in a protected class; and (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment." *Rogers v. Bank of N.Y. Mellon,* 2016 U.S Dist. LEXIS 107780, *29-30 (S.D.N.Y. Aug. 15, 2016).

Hylemon's and Arazi's gender-based hostile work environment claims must be analyzed under the "severe or pervasive" standard rather than the more employee-friendly standard pursuant to the amendments to the NYSHRL in October 2019, the effective date of the amendment.[1]  In the Am. Complt. Plaintiffs do not allege that any of the pertinent acts that form the basis of their hostile work environment claims occurred after October 11, 2019, the effective date of the amendment.  Therefore, the "severe or pervasive" standard is the applicable standard.   As such, even if Plaintiffs' claims are not time barred, which they are, they should be analyzed under the severe or pervasive standard, under which they fail.

Under the severe or pervasive standard, a plaintiff must produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.  *See Rivera v. Rochester Genesee Reg'l Transp. Auth*., 743 F.3d 11, 20 (2d Cir. 2014) (internal quotations omitted).  "This standard has both objective and subjective components; the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive."  *See Littlejohn v. City of New York*, 795 F.3d 297, 321 (2d Cir. 2015)(citing *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23 (1993)).

In conducting this analysis, the Second Circuit considers: "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether the conduct was physically threatening or humiliating, or a "mere offensive utterance'; (4) whether the conduct unreasonably interfered with

---

[1] S.6577 amended the "severe or pervasive" standard.  S.6594 amends the effective date of S.6577 to clarify that the change in the law being enacted in these pieces of legislation will apply to cases that start to accrue after the effective dates of these changes, not before."

plaintiff's work." *See Daeisadeghi v. Equinox Great Neck, Inc.*, 794 Fed. Appx. 61, 64 (2d Cir. 2019). Not every case in which allegations exist point to evidence that a plaintiff was subjected to harassment that rises to the level of creating a hostile work environment. *Id.*

To support the gender-based hostile work environment claims, Plaintiff allege that Mr. Cohen "has a longstanding reputation for verbally abusing, screaming at, berating, belittling, and humiliating employees, particularly female employees*." (Am. Complt. ¶ 71)* Plaintiffs also allege that Hylemon and Julia heard many of the episodes where Mr. Cohen "raged" at Arazi. *(Am. Complt. ¶ 73)*. Plaintiffs' allegations are merely conclusory that Mr. Cohen's conduct created a gender-based hostile work environment. Plaintiffs do not allege that Mr. Cohen used any gender-based derogatory words or comments to describe them. Indeed, in some instances where Plaintiffs quote Mr. Cohen's words, those words are devoid of any gender-based references. As such, Plaintiffs fail to demonstrate that Mr. Cohen's conduct was directed to them because of their gender. Moreover, Plaintiffs acknowledge that Mr. Cohen has a reputation for belittling and humiliating "employees" in general, not just female employees*. (Am. Complt. ¶ 71)* Further, the complained-of conduct does not rise the level severe or pervasive. The alleged yelling and screaming are, at most, merely rude and obnoxious behavior rather than physically threatening or humiliating, and none of the alleged conduct was pled to have unreasonably interfered with their work. Hylemon and Arazi managed to timely show up to work and effectively do their duties. For these reasons, Arazi's and Hylemon's gender-based hostile work environment claims under NYSHRL fail and should be dismissed.

The gender-based hostile work environment claims by Arazi and Hylemon under the NYCHRL cannot be sustained. To sustain these claims under the NYCHRL, Plaintiffs must show differential treatment of any degree based on a discriminatory motive. *Gorokhovsky v. N.Y.C.*

*Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014); *Fattoruso v. Hilton Grand Vacations Co. LLC*, 873 F. Supp.2d 569, 578 (S.D.N.Y. 2012). It is not enough that a plaintiff has an overbearing or obnoxious boss. The NYCHRL is not a "general civility code." A plaintiff must show that she has been treated less well because of her gender. Apart from Plaintiff's conclusory allegations, the Am. Complt. is devoid of any allegations to show that plaintiffs experienced unequal treatment in the workplace because of their gender.

Plaintiffs' description of the work environment of Cohen paints of picture of an eccentric executive who yells and screams, not an environment evidencing bias against women. Plaintiffs set forth no evidence, merely conclusory allegations, that Charles S. Cohen's behavior was gender-based. Indeed, Arazi herself recognizes Cohen was overbearing with everyone regardless of their gender. The Am. Complt. states that "employees sometimes called Ms. Arazi and said that they had documents for Mr. Cohen to sign, but were so afraid to go past that glass door that they would beg Ms. Arazi to pick up the documents from them somewhere in the corridor and call them after Mr. Cohen had signed the documents and left the office." (*Am. Complt.* ¶ 74). It appears that all employees feared Charles S. Cohen's exuberant character; not just the female employees. *Id.* Accordingly, Arazi and Hylemon will be unable to demonstrate that they were treated less because of their gender. Therefore, their gender-based hostile work environment claims fail and they should be dismissed.

Moreover, the events described in the Am Complt. are nothing but what a reasonable victim of discrimination would consider "petty slights and trivial inconveniences." *Mihalik*, 715 F.3d 102, 111 (2d. Cir. 2013); for example, Charles S. Cohen telling Hylemon: "You are walking too slow!" (*Am. Complt. ¶ 79*) or "I don't eat cheese!" (*Am. Complt. ¶ 81*) These claims are the quintessential examples of trivial inconveniences the law has consistently made clear is not

actionable.  *See Breitzstein v. Michael C. Fina*, 2016 N.Y. Misc. LEXIS 3591, *39 (N.Y. Cnty 2016) (while conduct of yelling at subordinates may be uncivil, "plaintiff cannot establish that he was treated less well due to a protected characteristic.  Mere personality conflicts must not be mistaken for unlawful discrimination, lest the antidiscrimination laws become a general civility code); *see also Wilson v. N.Y.P. Holdings, Inc.,* 2009 U.S. Dist. LEXIS 28876, at *29 (S.D.N.Y. Mar. 31, 2009) (references to female employees as "whores," "sluts," and "girls," among other things, over a number of years, amounted to no more than "petty slights and inconveniences"); *Inman v. City of New York*, 2011 U.S. Dist. LEXIS 104232, *18-19 (S.D.N.Y. Sept. 13, 2011) (granting summary judgment in case where supervisor referred to his staff as "loads," as in "loads of shit," and called them "lazy" because no reasonable factfinder could find that the conduct plaintiff complained of consisted of more than "petty slights and inconveniences.")  Here, the conduct of which Plaintiffs complain fall well short of the conduct the courts have found to be no more than petty slights and inconveniences.   Accordingly, Arazi's and Hylemon's gender-based hostile work environment claims fail under NYCHRL.

## POINT II

## HYLEMON FAILS TO ESTABLISH THAT SHE SUFFERS FROM A DISABILITY UNDER NEW YORK LAW

On March 23, 2020, Hylemon informed Cohen that she would not come to the office until it was safe from the pandemic since she was at high risk for severe forms of Covid-19 due to MS. (*Am. Complt. ¶ 138*).  Assuming arguendo, for purposes of this motion that the facts alleged in the Am. Complt. are true, Hylemon nevertheless has failed to state a plausible claim of disability discrimination under the NYSHRL and the NYCHRL.  The reason is simple: Hylemon did not seek an accommodation due to a disability, which dooms the claim under the New York law.

The NYSHRL and the NYCHRL make it unlawful for an employer to discriminate against an employee based on an actual or perceived disability.  Executive Law § 296(1)(a).  Hylemon alleges that Cohen discriminated against her by failing to engage in the interactive process and accommodate her alleged disability by allowing her to work from home.  The disability that Hylemon identifies is not MS, (which is a disability), but the fear of being at risk of developing a severe form of Covid-19, if infected, due to MS.

To plead a case of disability discrimination, a plaintiff must show that: (1) [her] employer was subject to the NYSHRL and the NYCHRL; (2) [she] was disabled, within the meaning of those statutes; (3) she was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) she suffered an adverse employment action because of this disability.  *Mobley v. Madison Square Garden* LP, No. 11-cv-8290, 2012 U.S. Dist. LEXIS 85467, at *3 (S.D.N.Y. June 14, 2012) (citing *Graves v. Finch Pruyn & Co., Inc*., 457 F.3d 181, 184 n.3 (2d Cir. 2006)).

Under the NYSHRL, the term "disability" is defined as an impairment, "which, upon the provision of reasonable accommodations, do[es] not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held."  Executive Law § 292(21).

Under the NYCHRL, disability means any "physical, medical, mental or psychological impairment, or a history or record of such impairment."  *McCloud v. Palladia, Inc.,* 2008 U.S. Dist. LEXIS 142287, *33-34 (E.D.N.Y. July 28, 2009).  The term "physical, medical, mental, or psychological impairment" means.: (1) an impairment of any system of the body; including, but not limited to: the neurological system; the musculoskeletal system; the special sense organs and respiratory organs, including, but not limited to, speech organs; the cardiovascular system; the

reproductive system; the digestive and genito-urinary systems; the hemic and lymphatic systems; the immunological systems; the skin; and the endocrine system; or (2) a mental or psychological impairment. *Phillips v. City of New York,* 66 A.D.3d 170, 884 N.Y.S.2d 369 (1st Dept. 2009).

While Hylemon suffers from MS, which is a disability under NYSHRL and NYCHRL, she did not seek an accommodation due to MS.  Instead, Hylemon sought an accommodation for fear of being at risk of developing a severe form of Covid-19, if infected, due to her MS condition. This fear is not an impairment, and therefore not a disability under either statute, for which an employer is obligated to engage in an interactive process and make a reasonable accommodation, if appropriate.

Hylemon does not allege that she needed nor requested an accommodation due to MS nor does she allege she was discriminated on the basis of MS.  She claims that MS makes her a higher risk of developing severe forms of the coronavirus, if infected, and she requested an accommodation for being, in fear of being at a higher risk for severe forms of the Covid-19. Hylemon's position is legally and medically unsound.  First, being at higher risk for Covid-19 is not a disability under either statute.  Being at high risk or higher risk of developing a severe form of an illness one has never had and for which she has no physical manifestations, has no impact on one's ability to work and therefore, is not a disability.  "There is no authority, nor support in the record here, for the claim that this condition — which, though a risk factor for several serious ailments, standing alone has no physical manifestations —constitutes a disability under the NYSHRL or NYCHRL."  *Simmons v. Woodycrest Ctr. for Human Dev., Inc.,* 2011 U.S. Dist. LEXIS 24513, *13-14 (S.D.N.Y. March 8, 2011) (dismissing high blood pressure as a disability even if it creates risk for other ailments).

Any reliance by the Plaintiffs on *Bar-Tur v. Arience Capital Mgmt, L.P.,* 490 Fed. Appx. 392 (2d Cir. Aug. 3, 2012), is misplaced.  In *Bar-Tur*, the plaintiff's medical condition – Common Variable Immunodeficiency (CVID) is a disability under NYSHRL and NYCHRL law and for which he sought an accommodation.  CVID is a "genetically determined primary immunity deficiency that interferes with a patient's ability to produce sufficient antibodies in response to exposure to pathogens, resulting in greater vulnerability to viruses, infections, bronchitis, and pneumonia" *Id,* 490 Fed. Appx at 394.   The plaintiff there sought an accommodation for that disability.  That is not the case here.  Hylemon did not seek an accommodation for MS, but sought an accommodation because she feared that she was at a higher risk for a more severe form of Covid-19.  Even though she has MS, which is a disability, her fear that she was at higher risk is not a disability and Hylemon's case is not analogous and readily distinguishable from the facts in *Bar-Tur*.   On the facts as presented in the Am. Complt. Hylemon is not entitled to an accommodation no more than a disabled blind person would be entitled to an accommodation if he feared he would be at higher risk to contract Covid-19 because of his blindness.

Moreover, Hylemon's fear of being at higher risk due to MS is not medically sound.  Under existing New York City Health Guidelines, having MS <u>does not</u> increase the risk of severe illness if one suffers from Covid-19.  The New York City Health Department has published a guidance on groups at higher risks for severe illnesses from Covid-19.   MS is not listed as one of the underlying health conditions that increases the risks for severe illness.  *See New York City Health*, *COVID-19: Prevention and Groups at Higher Risks,* (December 22, 2020) (A copy of the Guidance is attached as to the Declaration of Ivan D. Smith executed January 22, 2021)[2]. In

---

[2]  Defendant respectfully requests the Court to take judicial notice of the Guidelines. *See Fiore v. Medina*, 2012 U.S. Dist. LEXIS 143333, *1, fn.1 (S.D.N.Y. Sept. 27, 2012)("when ruling on a motion to dismiss, the Court may take judicial notice of records and reports of administrative bodies, items in the record of the case, [and] matters of general

addition, a recent medical blog supported by Cedars-Sinai on Multiple Sclerosis and Covid-19 finds that "current evidence tells us that MS patients aren't any more or less likely to get infected and don't seem to get a worse case if they do get sick." *See* Katie Rosenblum, *Multiple Sclerosis and COVID-19: What We Know Now* (August 14, 2020, Cedars-Sinai Blog) accessible via https://www.cedars-sinai.org/blog/ms-and-covid-19.html.

For these reasons, Hylemon's fear that her MS places her at a higher risk for a severe form of Covid-19 does not meet the NYSHRL's and the NYCHRL's broad definitions of a "disability." Here, Hylemon presents no evidence in admissible form substantiating the existence of a disability for which she needed to be accommodated.  [If] Plaintiff's [condition] is not a "disability"… her [disability discrimination] cause of action is dismissed. *Zick v. Waterfront Comm'n of N.Y. Harbor*, 2012 U.S. Dist. LEXIS 144920, *12 (S.D.N.Y. October 4, 2012)(dismissing plaintiff's discrimination claims because a broken leg is not disability)); *Rogers v. City of New York*, 359 Fed. Appx. 201, 203 (2d Cir. Dec. 31, 2009)(dismissing plaintiff's discrimination claim because shortness of breath while climbing the stairs is not a disability).  Therefore, Hylemon's disability claims contained in the Counts 10 and 11 of the Am. Complt. should be dismissed in their entirety.

---

public records."); *Norman v. NYU Langone Health Sys.*, 2020 U.S. Dist. LEXIS 180990, *16 (S.D.N.Y. Sept. 16, 2020)("Although the regulations are not binding, courts in the Second Circuit afford them significant deference."); *Phillips v. County of Orange*, 894 F. Supp.2d 345, 388 (S.D.N.Y. 2012)(court may take judicial notice of these state agency-promulgated guidelines in deciding a motion to dismiss)(citing *T.P. ex rel. Patterson v. Elmsford Union Free Sch. Dist.*, No. 11-CV-5133, 2012 U.S. Dist. LEXIS 38500, at *3 (S.D.N.Y. Feb. 27, 2012)(noting in a motion to dismiss a court may take judicial notice of state-promulgated regulations and guidelines.

**POINT III**

## ARAZI FAILS TO STATE A CLAIM OF ASSOCIATIONAL DISABILITY DISCRIMINATION UNDER NEW YORK LAW

Arazi asserts Cohen violated the NYSHRL and the NYCHRL when it placed her on furlough.  Arazi alleges that Cohen discriminated against her on the basis of her association with her partner who contracted Covid-19.

In order to establish a claim for associational discrimination under New York law, Arazi must demonstrate, inter alia that:  (1) at the time of her termination (or adverse action), Cohen knew she had a relative or associate with a disability; and (2) that the adverse action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the [adverse employment action].  *See Simmons*., 2011 U.S. Dist. LEXIS 24513, at *13.

Arazi cannot meet the first and second prongs of the test because her partner did not have a disability under New York Law.  Currently, there is no precedent holding that Covid-19 is a disability under the NYSHRL or the NYCHRL.  Similar to the flu virus, Covid-19 is a transitory impairment and not a disability.  Given the dearth of New York case law on the subject, federal case law is instructive on this matter.  Under federal law, an employee is not "regarded as" disabled if the impairment that she is regarded as having is both "transitory and minor."  42 U.S.C. § 12102(3)(B); 29 C.F.R. § 1630.15(f).  The legislative history of the "transitory and minor" ADA exception, indicates that its purpose is to exclude "common ailments like the cold or flu" from being considered disabilities under the "regarded as" prong.  29 C.F.R. pt. 1630.  "[T]he person must have an impairment that must substantially limit his or her major life activities such as seeing, hearing, speaking, walking, breathing, performing manual tasks, learning, caring for oneself, and working.  Thus, an individual with epilepsy, paralysis, HIV infection, AIDS, a substantial hearing

or visual impairment, mental retardation, or a specific learning disability is covered, but an individual with a minor, non-chronic condition of short duration, such as a sprain, broken limb, or the *flu*, generally would not be covered."  Margaret C. Jasper, Legal Almanac: *The Americans With Disabilities Act* § 2.5 (2012)(emphasis added); *see Martinez v. New York State Div. of Human Rights*, 2015 U.S. Dist. LEXIS 12536, *17-18 (S.D.N.Y. Feb. 2, 2015)(emphasis added)).  An employee is not "regarded as" disabled if the impairment that he is regarded as having is both "transitory and minor."  42 U.S.C. § 12102(3)(B); 29 C.F.R. § 1630.15(f); *Zick v. Waterfront Comm'n of N.Y. Harbor*, 2012 U.S. Dist. LEXIS 144920, *12 (S.D.N.Y. Oct. 4, 2012)("An individual is considered disabled under the ADA if she is regarded as having such an impairment…it shall not apply to impairments that are transitory and minor.") An impairment is "transitory" if it has an actual or expected duration of six months or less.  42 U.S.C. § 12102(3)(B)).  Neither the statute nor the regulations define "minor."  The legislative history of the "transitory and minor" exception, however, indicates that its purpose is to exclude "common ailments like the *cold or flu*" from being considered disabilities under the "regarded as" prong.  29 C.F.R. pt. 1630.  For these reasons, Covid-19, like the flu, is a transitory and minor disease and should not be considered a disability under the NYCHRL or the NYSHRL.  Therefore, Arazi's disability discrimination claims contained in Counts 10 and 11 fail and should be dismissed in their entirety.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court to dismiss parts of Counts 7 and Count 8 pertaining to Hylemon and Arazi and Counts 10 and 11 in their entirety pursuant to Fed. R. Civ. Pr. Rule 12(b)(6) for failure to state a claim, and award such other and further relief as this Court deems just and equitable.

Dated   New York, New York
        January 22, 2021

                                    Respectfully submitted,

                                    **BUCHANAN INGERSOLL & ROONEY, P.C.**

                                    By:  /s/ *Ivan Smith*

                                        Ivan Smith, Esq.
                                        640 Fifth Avenue, 9th Floor
                                        New York, NY 10019-6102
                                        (212) 440-4400

4833-7832-9304, v. 2

20