

**Ivan D. Smith**
212 440 4423
Ivan.Smith@bipc.com

640 Fifth Avenue
9th Floor
New York, NY  10019-6102
T 212 440 4400
F 212 440 4401

March 2, 2021

<u>VIA ECF</u>

Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: Arazi <u>et</u> <u>al.</u> v. Cohen Brothers Realty Corporation
       <u>Case No. 1:2020-cv-08837</u>

Dear Judge Woods:

    We represent defendant Cohen Brothers Realty Corporation ("Defendant") in the above-referenced matter. We write respectfully to inform the Court that Defendant intends to file a partial motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), in connection with the Second Amended Complaint filed in the above-referenced matter on February 12, 2021 (the *"Am. Complaint"*).  In accordance with Your Honor's Individual Rules of Practice in Civil Cases, we hereby set forth the grounds for the proposed motion and respectfully request the Court to schedule a pre-motion conference.

    On October 22, 2020, plaintiffs filed the original complaint in this action.  *(Dkt. No.1)* After a court conference and conferral with defendant, Plaintiffs filed an Amended Complaint on January 12, 2021.  (*Dkt. No. 17*)  On January 22, 2021, Defendant filed its Answer and a partial motion to dismiss certain claims (the "Motion"). (*Dkt. Nos. 19 and 20*)  Instead of opposing defendant's motion, Plaintiffs, on February 12, 2021, filed the Am. Complaint.  (*Dkt. No. 23*) Subsequently, the Court, on February 16, 2021, dismissed Defendant's Motion as moot. (*Dkt. No. 24*)  Now, Defendant intends to file a partial motion to dismiss certain claims asserted in the Am. Complaint.   Accordingly, Defendant will move to dismiss the NYSHRL and NYCHRL hostile work environment and disability discrimination claims of Plaintiffs Roseann Hylemon ("Hylemon") and Corrine Arazi ("Arazi) and the New York Labor Law Section 740 claim.

March 2, 2021
Page - 2 –

I.     <u>Hylemon's Disability Discrimination Claims</u>

In the Am. Complaint, while Hylemon asserts that she is afflicted with Multiple Sclerosis ("MS") and it is a disability, she does not allege that she sought an accommodation due to MS itself. Instead, she alleges that, due to the MS, she was at a higher risk to contract a more severe form of Covid-19 and sought an accommodation on that basis. (*See Am. Complaint,* ¶¶ *111-16, 147, 218, 220*) For the reasons outline below, we believe Hylemon's disability discrimination claims are fatally flawed and susceptible to a motion to dismiss at this stage of the proceedings.

To plead a case for disability discrimination for failure to accommodate under the NYSHRL and the NYCHRL, a plaintiff must show that she was *disabled* within the meaning of those statutes. *Mobley v. Madison Square Garden LP*, No. 11-cv-8290, 2012 U.S. Dist. LEXIS 85467, 2012 WL 2339270, at *3 (S.D.N.Y. June 14, 2012) (citing G*raves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006)) (emphasis added). Hylemon fails to do so.

Multiple Sclerosis is the only qualified disability Hylemon identifies in the Am. Complaint. Hylemon, however, does not claim that she sought an accommodation due to actual complications associated with MS. Instead, she sought an accommodation because of the fear of contracting a more severe form of Covid-19 due to her MS condition. This fear is not a disability under either statute. "There is no authority, nor support in the record here, for the claim that this condition — which, though a risk factor for several serious ailments, standing alone has no physical manifestations —constitutes a disability under the NYSHRL or NYCHRL." *Simmons v. Woodycrest Ctr. for Human Dev., Inc.,* 2011 U.S. Dist. LEXIS 24513, *13-14 (S.D.N.Y. March 8, 2011) (dismissing high blood pressure as a disability even if it creates risk for other ailments).

II.     <u>Arazi's Associational Discrimination Claims</u>

In addition, Defendant intends to move to dismiss Arazi's associational discrimination claims under the NYSHRL and NYCHRL. In the Am. Complaint, Plaintiffs do not set forth any new allegations to support Arazi's claims. Therefore, Defendant stands by its position as outlined in its prior Pre-motion letter to the Court on December 18, 2020. (*Dkt. No. 11*)

III.     <u>Arazi and Hylemon's Hostile Work Environment Claims</u>

Defendant intends to move the dismiss Arazi's and Hylemon's hostile work environment claims under NYSHRL and NYCHRL. While Plaintiffs added new allegations to the Am. Complaint, these additional allegations consist mostly of conclusory statements.

March 2, 2021
Page - 3 –

First, Hylemon's claims are time barred. Under the applicable three year statute of limitations for NYSHRL and NYCHRL claims, Hylemon's claims accrued no later than 2019 as she stopped working directly to Charles Cohen (the alleged harasser) in 2016. Plaintiff filed the original complaint on October 22, 2020. In addition, to the extent the claims of the other Plaintiffs depend on the events that occurred prior to October 22, 2017, those claims are time barred as well. Further, Hylemon may not avail herself of the continuous violation doctrine to save the discrimination claims.

Second, Hylemon and Arazi will not be able to make out a *prima facie* case of hostile work environment because the conclusory statements of discrimination, standing alone, will not withstand Defendant's motion to dismiss. Furthermore, Plaintiffs fail to demonstrate that Mr. Cohen's conduct was directed to them because of their gender. In most instances where Plaintiffs quote Mr. Cohen's words, those words are devoid of any gender-based references. Additionally, the complained-of conduct does not rise to the legal standard of severe or pervasive and did not unreasonably interfere with Plaintiff's work.

IV.     Section 740 Whistleblower Retaliation

Defendant intends to move to dismiss the Section 740 claim. Section 740 provides, in relevant part, that "[a]n employer shall not take any retaliatory personnel action against an employee because such employee . . . discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety . . ." N.Y. Lab. L. § 740(2)(a). Thus, "a plaintiff must (1) specify that an actual violation occurred, and (2) describe how the defendant's activities endangered the health and safety of the public." *Semeraro v. Woodner Co.,* 2018 U.S. Dist. LEXIS 110566, at *6 (S.D.N.Y. July 2, 2018).

Plaintiffs fail to state a plausible claim for a violation of Section 740. They fail to identify a particular Cohen policy or procedure that violated (or which they believed violated) any specific law, rule or regulation or that Cohen's alleged violation presented a substantial and specific danger to public health or safety. See *HC2, Inc. v. Delaney*, 2020 U.S. Dist. LEXIS 239308, *16-18 (S.D.N.Y. Dec. 18, 2020) (dismissing §740 complaint because Gov. Cuomo's orders did not mandate creation of working from home policy).

Furthermore, Plaintiffs fail to allege that Cohen's policies, practices or activities created a substantial and specific danger to the public health or safety. The requisite "threat to public safety" contemplated by Section 740 "has generally been narrowly construed to apply to the public at large." *Reyes v. Energy Transp. Corp.*, 1997 WL 256923, *4 (citing *Remba v. Fed'n Employment & Guidance Serv.*, 76 N.Y.2d 801, 803 (1990)) (affirming dismissal of claim under Section 740 because defendant's conduct "is not the type of violation which creates a substantial and specific danger to the public health or safety") (internal quotation marks omitted). Plaintiffs' purported "whistleblower

March 2, 2021
Page - 4 –

complaint" related entirely personal concerns and demands, which are insufficient to allege a plausible retaliation claim.

          Respectfully submitted,

          ***/s/Ivan D. Smith***

          Ivan D. Smith