UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CORINNE ARAZI, ROSEANN HYLEMON, and
EVELYN JULIA,

           Plaintiffs,

-against-

COHEN BROTHERS REALTY CORPORATION,

           Defendant.

------------------------------------------------------------X

Case No. 20-cv-08837(GHW)(SDA)


### MEMORANDUM OF LAW IN SUPPORT OF
### <u>DEFENDANT'S PARTIAL MOTION TO DISMISS</u>


Ivan D. Smith, Esq.
Marc-Joseph Gansah, Esq.

BUCHANAN INGERSOLL & ROONEY PC

*Attorneys for Defendant Cohen Brothers*
*Realty Corporation*

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................1

PRELIMINARY STATEMENT ..........................................................................1

PERTINENT ALLEGATIONS OF THE THIRD AMENDED COMPLAINT.............................1

    A.    Overtime Pay under the FLSA and the NYLL ...................................... 1

    B.    Hostile Work Environment/Sexual Harassment ...................................... 2

    C.    Plaintiffs Refused to Come to Work and Cohen Bros. Placed Them on Furlough.................................................................................................. 2

    D.    Plaintiffs Wrongfully Cast Themselves as Whistleblowers................................... 3

    E.    Plaintiffs Abandoned their Positions ...................................................... 4

STANDARD OF REVIEW ...................................................................................4

ARGUMENT .......................................................................................................6

    POINT I HYLEMON AND ARAZI FAIL TO ESTABLISH THAT THEY SUFFER FROM A DISABILITY UNDER NEW YORK LAW .......................... 6

    POINT II ARAZI FAILS TO STATE A CLAIM OF ASSOCIATIONAL DISABILITY DISCRIMINATION UNDER NEW YORK LAW ..................... 10

    POINT III PLAINTIFFS FAIL TO STATE A CLAIM FOR WHISTLEBLOWER RETALIATION UNDER NEW YORK LABOR LAW SECTION 740 ............. 12

    POINT IV PLAINTIFFS' HOSTILE WORK ENVIRONMENT CLAIMS SHOULD BE DISMISSED ...................................................................... 14

    A.    Hylemon's Gender-Based Discrimination Claim is Time-Barred....................... 14

    B.    The Severe or Pervasive Standard is Applicable to Plaintiffs' NYSHRL Gender-Based Discrimination Claims .................................................... 16

    C.    Plaintiffs' Allegations Are Conclusory.................................................. 18

    D.    Plaintiffs' Hearsay Statements Are Not Admissible................................ 19

    E.    Gender-Based Claims under the NYCHRL ........................................... 20

    POINT V PLAINTIFFS' RETALIATION CLAIMS UNDER THE NYSHRL AND THE NYCHRL SHOULD BE DISMISSED ............................ 22

POINT VI PLAINTIFF'S RETALIATION UNDER THE FLSA AND THE
NYLL  SHOULD BE DISMISSED ................................................................... 24

CONCLUSION.............................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................5, 6, 19

*ATSI Communs v. Shaar Fund, Ltd*,
    493 F.3d 87 (2d Cir. 2007)...............................................................................6

*Ayres v. 127 Rest. Corp.*,
    12 F. Supp. 2d 305 (S.D.N.Y. 1998)...............................................................25

*Bar-Tur v. Arience Capital Mgmt, L.P.*,
    490 Fed. Appx. 392 (2d Cir. Aug. 3, 2012)....................................................9, 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................................5

*Bonner v. Guccione*,
    178 F.3d 581 (2d Cir. 1999).............................................................................16

*Breitzein v. Michael C. Fina*,
    2016 N.Y. Misc. LEXIS 3591 (N.Y. Cnty 2016) ..........................................22

*Burch v. Pioneer Credit Recovery, Inc.*,
    551 F.3d 122 (2d Cir. 2008) (per curiam)........................................................6

*Canady v. Univ. of Rochester*,
    736 F. App'x 259 (2d Cir. 2018) .....................................................................23

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002).............................................................................6

*Chukwueze v. NYCERS*,
    891 F.Supp.2d 443 (S.D.N.Y.2012)................................................................24

*Cortec Indus., Inc. v. Sum Holding L.P.*,
    949 F.2d 42 (2d Cir. 1991)...............................................................................6

*Daeisadeghi v. Equinox Great Neck, Inc.*,
    794 Fed. Appx. 61 (2d Cir. 2019)....................................................................18

*Decker v. Massey–Ferguson, Ltd.*,
    681 F.2d 111 (2d Cir. 1982).............................................................................20

*DeJesus v. HF Mgmt. Servs, LLC*,
    726 F.3d 85 (2d Cir. 2013)........................................................................................6

*E.E.O.C. v. Bloomberg L.P.*,
    967 F. Supp. 2d 816 (S.D.N.Y. 2013)....................................................................15

*Fiore v. Medina*,
    2012 U.S. Dist. LEXIS 143333 (S.D.N.Y. Sept. 27, 2012).....................................10

*Gorokhovsky v. N.Y.C. Hous. Auth.*,
    552 F. App'x 100 (2d Cir. 2014) ..........................................................................21

*Graves v. Finch Pruyn & Co., Inc.*,
    457 F.3d 181 (2d Cir. 2006)....................................................................................8

*Gregory v. Daly*,
    243 F.3d 687 (2d Cir. 2001)....................................................................................6

*Harris v. Forklift Sys., Inc.*,
    510 U.S. 17 (1993)................................................................................................18

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009)....................................................................................19

*HC2, Inc. v. Delaney*,
    2020 U.S. Dist. LEXIS 239308 (S.D.N.Y. Dec. 18, 2020) ....................................15

*Howley v. Town of Stratford*,
    217 F.3d 141 (2d Cir. 2000)..................................................................................16

*Inman v. City of New York*,
    2011 U.S. Dist. LEXIS 104232 (S.D.N.Y. Sept. 13, 2011)....................................22

*Int'l Audiotext Network, Inc. v. A.T. & T. Co.*,
    62 F.3d 69 (2d Cir. 1995)........................................................................................6

*Isaacs v. Mid Am. Body & Equip. Co.*,
    720 F.Supp. 255 (D.Conn.1989)...........................................................................20

*Klein v. Metropolitan Child Servs., Inc.*,
    100 A.D.3d 708, 954 N.Y.S.2d 559 (2d Dep't 2012)............................................15

*Kreinik v. Showbran Photo, Inc.*,
    2003 WL 22339268 (S.D.N.Y.2003)....................................................................25

*Littlejohn v. City of New York*,
    795 F.3d 297 (2d Cir. 2015)..................................................................................18

*Manos v. Geissler*,
   377 F.Supp.2d 422 (S.D.N.Y.2005)....................................................................................19

*Martinez v. New York State Div. of Human Rights*,
   2015 U.S. Dist. LEXIS 12536 (S.D.N.Y. Feb. 2, 2015).....................................................12

*Mastafa v Chevron Corp.*,
   770 F.3d 170 (2d Cir. 2014)..............................................................................................19

*Mayers v. Emigrant Bancorp, Inc.*,
   796 F. Supp. 2d 434 (S.D.N.Y. 2011)................................................................................23

*McCloud v. Palladia, Inc.*,
   2008 U.S. Dist. LEXIS 142287 (E.D.N.Y. July 28, 2009)....................................................8

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
   715 F.3d 102 (2d. Cir. 2013)..............................................................................................21

*Mobley v. Madison Square Garden*
   LP, No. 11-cv-8290, 2012 U.S. Dist. LEXIS 85467 (S.D.N.Y. June 14, 2012)......................8

*Mullins v. City of N. Y.*,
   626 F.3d 47 (2d Cir.2010)..................................................................................................25

*Murray v. Visiting Nurse Servs. of N.Y.*,
   528 F.Supp.2d 257 (S.D.N.Y.2007)...................................................................................24

*J.S. ex rel. N.S. v. Attica Cent. Sch.*,
   386 F.3d 107 (2d Cir. 2004)..............................................................................................20

*Norman v. NYU Langone Health Sys.*,
   2020 U.S. Dist. LEXIS 180990 (S.D.N.Y. Sept. 16, 2020)..................................................10

*T.P. ex rel. Patterson v. Elmsford Union Free Sch. Dist.*,
   No. 11-CV-5133, 2012 U.S. Dist. LEXIS 38500 (S.D.N.Y. Feb. 27, 2012)...........................10

*Phillips v. City of New York*,
   66 A.D.3d 170, 884 N.Y.S.2d 369 (1st Dep't. 2009) .............................................................8

*Phillips v. County of Orange*,
   894 F. Supp.2d 345 (S.D.N.Y. 2012).................................................................................10

*Remba v. Fed'n Employment & Guidance Serv.*,
   76 N.Y.2d 801 (1990) ......................................................................................................14

*Reyes v. Energy Transp. Corp.*,
   No. 96-CV-3321 (JSM), 1997 WL 256923 (S.D.N.Y. May 16, 1997) ............................13, 14

*Rivera v. Rochester Genesee Reg'l Transp. Auth.*,
   743 F.3d 11 (2d Cir. 2014)...................................................................................17

*Rogers v. Bank of N.Y. Mellon*,
   2016 U.S Dist. LEXIS 107780 (S.D.N.Y. Aug. 15, 2016).......................................17

*Rogers v. City of New York*,
   359 Fed. App'x. 201 (2d Cir. Dec. 31, 2009) ........................................................10

*Romney v. N.Y. City Transit Auth.*,
   8 A.D.3d 254 (2d Dep't 2004).............................................................................24

*Russomanno v. Murphy*,
   No. 09-cv-8806 (RJH), 2011 U.S. Dist. LEXIS 17248 (S.D.N.Y. Feb. 16,
   2011) ..................................................................................................................6

*Salazar v. Bowne Realty Assocs., L.L.C.*,
   796 F.Supp.2d 378 (E.D.N.Y.2011) ...................................................................25

*Simmons v. Woodycrest Ctr. for Human Dev., Inc.*,
   2011 U.S. Dist. LEXIS 24513 (S.D.N.Y. March 8, 2011) ..................................9, 11

*Smith v. Local 819 I.B.T. Pension Plan*,
   291 F.3d 236 (2d Cir. 2002)................................................................................20

*Spaulding v. New York City Dep't of Educ.*,
   2015 WL 12645530 (E.D.N.Y. Feb. 19, 2015).....................................................23

*St. Mary's Honor Center v. Hicks*,
   509 U.S. 502 (1993)............................................................................................23

*Thomas v. iStar Fin., Inc.*,
   508 F.Supp.2d 252 (S.D.N.Y.2007).....................................................................24

*Tonra v. Kadmon Holdings, Inc.*,
   405 F. Supp. 3d 576 (S.D.N.Y. 2019)..................................................................13

*Ulysse v. AAR Aircraft Component Servs.*,
   131 N.Y.S.3d 609 (2d Dep't 2020)......................................................................14

*Wilson v. N.Y.P. Holdings, Inc.*,
   2009 U.S. Dist. LEXIS 28876 (S.D.N.Y. Mar. 31, 2009) .....................................22

*Zick v. Waterfront Comm'n of N.Y. Harbor*,
   2012 U.S. Dist. LEXIS 144920 (S.D.N.Y. Oct. 4, 2012) ..................................10, 12

**Statutes**

42 U.S.C. § 12102(3)(B)..........................................................................................11, 12

Americans With Disabilities Act § 2.5 (2012)..........................................................11, 12

Fed. R. Civ. P. 12(b)(6)..............................................................................5, 6, 19, 26

Fed. R. Civ. Pro. 8(a)(2) ............................................................................................19

Fed.R.Evid. 801(c)......................................................................................................20

29 C.F.R. pt. 1630.................................................................................................11, 12

29 C.F.R. § 1630.15(f)...........................................................................................11, 12

Executive Law § 292(21)...............................................................................................8

Executive Law § 296(1)(a) ...........................................................................................7

New York Labor Law Section 740 ...........................................................1, 13, 14, 15

New York Labor Law Section 740(2)(a) ....................................................................13

Executive Order 202.6 ...........................................................................................4, 14

Executive Order 202.8 ...........................................................................................4, 15

## Other Authorities

Katie Rosenblum, *Multiple Sclerosis and COVID-19: What We Know Now* (August 14, 2020, Cedars-Sinai)
 https://www.cedars-sinai.org/blog/ms-and-covid-19.html..........................................10

## INTRODUCTION

Defendant Cohen Brothers Realty Corporation ("Cohen Bros." or "Defendant"), by its undersigned attorneys, Buchanan Ingersoll & Rooney PC, submits this Memorandum of Law in support of its motion to dismiss parts of the Seventh and Eighth Claims, and the Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth Claims in their entirety, of the Third Amended Complaint filed on April 16, 2021 (the "Am. Complt.") by Plaintiffs Corinne Arazi ("Arazi"), Roseann Hylemon ("Hylemon") and Evelyn Julia ("Julia"), (collectively "Plaintiffs").

## PRELIMINARY STATEMENT

Defendant now moves to dismiss the NYSHRL and NYCHRL hostile work environment claims as they pertain to Hylemon and Arazi; the disability discrimination claims of Hylemon and Arazi, the New York Labor Law Section 740 claim and the newly added retaliation claims in their entirety, for failure to state a claim.

## PERTINENT ALLEGATIONS OF THE THIRD AMENDED COMPLAINT

Cohen Bros. is a private real estate development and management firm located at 750 Lexington Avenue, New York, New York. (*Am. Complt.* ¶¶ *4-7*).  There are three Plaintiffs:

- Arazi is a former Executive Assistant to the Chief Executive Officer Charles S. Cohen ("Cohen"); Hylemon is a former Executive Assistant to the Chief Operating Officer Steven M. Cherniak ("Cherniak"); and Julia is a former Senior Showroom Leasing Administrator.

A.    Overtime Pay under the FLSA and the NYLL

Plaintiffs allege that from March 14, 2014 to May 4, 2020, Defendant erroneously classified them as exempt employees and failed to pay them overtime wages (*Am. Complt.* ¶¶ *22, 38, 46*), and bring claims for unpaid overtime under the FLSA and NYLL.  Nothing could be

further from the truth. During their employment with Defendant, Plaintiffs were exempt employees at all times.

B.   Hostile Work Environment/Sexual Harassment

Julia alleges that, throughout her employment, she had been subjected to various unwelcomed instances of sexual harassment by her direct supervisor, Mr. Fredericks, Senior Vice President, National Leasing Director and David Fogel, Senior Vice President. (*Am. Complt. ¶¶ 50-61, 68*).

Hylemon and Arazi allege that they were subjected to gender-based hostile work environment. Specifically, Hylemon alleges that she worked as Executive Assistant to Cohen from March 2014 to December 2016 and that Cohen verbally abused, screamed at, berated, and belittled her, thus creating a gender-based hostile work environment and a culture of fear at the office. (*Am. Complt. ¶ 78*). Hylemon claims that Cohen's behavior caused her to switch jobs in 2016 to work for Cherniak instead. Hylemon also claims that Cherniak would often berate her and tell her and Julia inappropriate jokes with sexual undertones. (*Am. Complt. ¶¶ 93-98)*. Plaintiffs allege that Cohen would scream at other employees (including male employees) and some of those employees would beg Arazi to deliver documents to Cohen in their stead. (*Am. Complt. ¶¶ 76-77, 89, 99*).

Plaintiffs also claim that Mr. Cohen treated female applicants differently from male applicants and asked inappropriate questions to the female candidates. (*Am. Complt. ¶¶ 87-88*). However, none of the Plaintiffs has ever witnessed or participated to such interviews.

C.   Plaintiffs Refused to Come to Work and Cohen Bros. Placed Them on Furlough

On March 23, 2020, Hylemon informed Cohen Bros. that she would not come to the office until it was safe from the pandemic since she was at high risk due to Multiple Sclerosis ("MS"). (*Am. Complt. ¶¶ 155, 167*). Previously, Hylemon had requested to work from home and Cohen Bros. told her that the company had "no work from home policies … stay home permitted when

using sick, personal or vacation time … beyond without pay." (*Am. Complt. ¶ 135*).  Therefore, in light of her refusal to come to work and the absence of a work from home policy, effective May 4, 2020, Cohen Bros. placed Hylemon on furlough.  (*Am. Complt. ¶ 179*).

Similarly, Arazi told Cohen Bros. that she would not come to the office because her partner was ill with Covid-19.  In light of her refusal to come to work and the absence of a work from home policy, effective May 4, 2020, Cohen Bros. placed Arazi on furlough.  (*Am. Complt. ¶ 160*).

On April 30, 2020, Julia informed Cohen Bros. that she would stay at home until May 15, 2020 as she was self-quarantining since her roommate was ill.  (*Am. Complt. ¶ 171*).  Cohen Bros. placed Julia on furlough effective May 4, 2020.  (*Am. Complt. ¶ 172*).

D.    Plaintiffs Wrongfully Cast Themselves as Whistleblowers

Surprisingly, Plaintiffs decided to recast themselves as whistleblowers.  A status they conferred upon themselves by virtue of the fact that "Mr. Fogel became ill with the coronavirus" (*Am. Complt. ¶ 151*) and Defendant refused to violate HIPAA and inform Plaintiffs of another employee's medical condition.  (*Id.*)  Although Defendant did not violate a single order or statute, Plaintiffs disagreed with how Defendant handled the Covid-19 crisis.

On March 23, 2020, Arazi requested one week of vacation "to follow the Governor's mandate." (*Am. Complt. ¶ 154*).  Governor Cuomo's March 18, 2020 Executive Order (Executive Order No. 202.6, issued on March 18, 2020, is attached as Exhibit 2 to the Declaration of Ivan D. Smith, executed on May 19, 2021 (the "Smith Decl.")), did not mandate employers give a week vacation to employees nor did the Order mandate remote work.  The Executive Order mandates "non-essential" New York businesses to reduce their in-person workforce at any work location by 50%.  Executive Order 202.6 does not prohibit the conduct of which Plaintiffs complained.

On March 20, 2020, Governor Cuomo issued another Executive Order (Executive Order 202.8 is attached as Exhibit 3 to Smith Decl.), requiring all "non-essential" New York businesses

to reduce their in-person workforce at any work location <u>by 75%</u>.  The Executive Orders did not mandate private employers that do not have a working from home policy, like Cohen, to create one, nor to offer a work from home option.  Nonetheless, Cohen granted Arazi's request to take one week vacation, but, was unable to authorize Arazi's request to work from home.  *(Am. Complt. ¶ 154)*.

On March 25, 2020, Julia and Hylemon requested to work from home and stated that they would do so.  Therefore, in light of their refusal to come to work and the absence of a work from home policy, effective May 4, 2020, Cohen Bros. placed Hylemon and Julia on furlough.  Julia resigned without notice during the summer 2020.

E.    <u>Plaintiffs Abandoned their Positions</u>

Defendant placed Arazi, Hylemon, and Julia on furlough as of May 4, 2020.  *(Am. Complt. ¶ 179)*.  On February 23, 2021, Defendant recalled Plaintiffs to resume employment at their former positions.  *(Am. Complt. ¶ 183)* (See Exhs. 4-6, attached to Smith Decl.).  Plaintiffs rejected Defendant's offer of reinstatement, failed to report to their positions on March 8, 2021 and therefore, abandoned their positions.  Defendant had no other choice but to acknowledge their job abandonments and officially terminate their employments.  *(Am. Complt. ¶ 202)*.

## STANDARD OF REVIEW

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is permitted to dismiss a plaintiff's action, in whole or in part, for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal, 556 U.S. at 678* (citing *Twombly*, 500 U.S. at 556).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge" claims "across the line from conceivable to plausible."  *Id.*  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *ATSI Communs v. Shaar Fund, Ltd,* 493 F.3d 87, 98 (2d Cir. 2007).  The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in plaintiff's favor.  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).  However,

> "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.  A complaint must therefore contain more than 'naked assertion[s] devoid of further factual enhancements.'  Pleadings that contain 'no more than conclusions … are not entitled to the assumption of truth' otherwise applicable to complaints in the context of motions to dismiss."

*DeJesus v. HF Mgmt. Servs, LLC*, 726 F.3d 85, 87-88 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678-79).

"In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may consider assertions made within 'the four corners of the complaint itself.'" *Russomanno v. Murphy*, No. 09-cv-8806 (RJH), 2011 U.S. Dist. LEXIS 17248, at *3 (S.D.N.Y. Feb. 16, 2011) (quoting *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)).  A court may also consider "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in [the complaint] by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. A.T. & T. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).  Finally, a court may consider any matters that are subject to judicial notice, including publicly filed documents.  *See Cortec Indus.*, *Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

**ARGUMENT**

**POINT I**

**HYLEMON AND ARAZI FAIL TO ESTABLISH THAT THEY SUFFER FROM A DISABILITY UNDER NEW YORK LAW**

In the Tenth and Eleventh Claims, Hylemon and Arazi allege disability discrimination under NYSHRL and NYCHRL.  Hylemon alleges that on March 23, 2020, she informed Cohen Bros. that she would not come to the office until it was safe from the pandemic since she was at high risk for severe forms of Covid-19 due to MS.  (*Am. Complt. ¶ 155*).  Arazi alleges that Cohen Bros. refused to grant her a reasonable accommodation of being allowed to work from home due to her being at high risk for severe forms of Covid-19 due to low white bloods cell count ("LWBCC").  (*Am. Complt. ¶ 194*).  Assuming arguendo, for purposes of this motion that the facts alleged in the Am. Complt. are true, Hylemon and Arazi nevertheless have failed to state a plausible claim of disability discrimination under the NYSHRL and the NYCHRL.  The reason is simple:  Hylemon and Arazi did not seek an accommodation due to a disability, which dooms the claim under the New York law.

The NYSHRL and the NYCHRL make it unlawful for an employer to discriminate against an employee based on an actual or perceived disability.  Executive Law § 296(1)(a).  Hylemon alleges that Cohen discriminated against her by failing to engage in the interactive process and accommodate her alleged disability by allowing her to work from home.  The condition that Hylemon identifies for which she requested an accommodation, is not MS (which is a disability), but the fear of being at risk of developing a severe form of Covid-19, if infected, due to MS.  *(Am. Complt. ¶¶ 92, 111-16, 119, 147)*.  Similarly, Arazi claims that Cohen discriminated against her by failing to grant her request for reasonable accommodation of being allowed to work from home. However, Arazi did not identify a disability as the basis of the request but asked for an

accommodation for fear of being at risk of developing a severe form of Covid-19, if infected due to LWBCC.  (*Am, Complt. ¶ 194).*

To plead a case of disability discrimination, a plaintiff must show that:  (1) [her] employer was subject to the NYSHRL and the NYCHRL; (2) [she] was disabled, within the meaning of those statutes; (3) she was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) she suffered an adverse employment action because of this disability.  *Mobley v. Madison Square Garden* LP, No. 11-cv-8290, 2012 U.S. Dist. LEXIS 85467, at *3 (S.D.N.Y. June 14, 2012) (citing *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006)).

Under the NYSHRL, the term "disability" is defined as an impairment, "which, upon the provision of reasonable accommodations, do[es] not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held."  Executive Law § 292(21).

Under the NYCHRL, disability means any "physical, medical, mental or psychological impairment, or a history or record of such impairment."  *McCloud v. Palladia, Inc.,* 2008 U.S. Dist. LEXIS 142287, *33-34 (E.D.N.Y. July 28, 2009).  The term "physical, medical, mental, or psychological impairment" means:  (1) an impairment of any system of the body; including, but not limited to:  the neurological system; the musculoskeletal system; the special sense organs and respiratory organs, including, but not limited to, speech organs; the cardiovascular system; the reproductive system; the digestive and genito-urinary systems; the hemic and lymphatic systems; the immunological systems; the skin; and the endocrine system; or (2) a mental or psychological impairment.  *Phillips v. City of New York,* 66 A.D.3d 170, 884 N.Y.S.2d 369 (1st Dep't. 2009).

The allegations in the Am. Complt. do not support the claim that Hylemon needed or requested an accommodation due to MS or that she was discriminated on the basis of MS. Also, the allegations in the Am. Complt. fail to support the claim that Arazi needed a reasonable accommodation due to LWBCC or that Defendant discriminated against her on the basis of LWBCC. Hylemon and Arazi claim that MS and LWBCC, respectively, place them at a higher risk of developing a severe form of Covid-19, if infected, and they requested an accommodation for being, in fear of being at a higher risk for severe forms of the Covid-19. Hylemon's and Arazi's positions are legally unsound. First, being at higher risk for Covid-19 is not a disability under either statute. Being at high risk or higher risk of developing a severe form of an illness one has never had and for which she has no physical manifestations, has no impact on one's ability to work and therefore, is not a disability. "There is no authority, nor support in the record here, for the claim that this condition — which, though a risk factor for several serious ailments, standing alone has no physical manifestations —constitutes a disability under the NYSHRL or NYCHRL." *Simmons v. Woodycrest Ctr. for Human Dev., Inc.,* 2011 U.S. Dist. LEXIS 24513, \*13-14 (S.D.N.Y. March 8, 2011) (dismissing high blood pressure as a disability even if it creates risk for other ailments).

Any reliance by Plaintiffs on *Bar-Tur v. Arience Capital Mgmt, L.P.,* 490 Fed. Appx. 392 (2d Cir. Aug. 3, 2012), is misplaced. In *Bar-Tur*, the plaintiff's medical condition – Common Variable Immunodeficiency (CVID) is a *disability* under NYSHRL and NYCHRL law and he sought an accommodation for that condition. That is not the case here. Hylemon and Arazi did not seek an accommodation for MS and LWBCC, but sought an accommodation because they feared that they were at a higher risk for a more severe form of Covid-19. Arazi's and Hylemon's

fear that they were at higher risk is not a disability and their cases are not analogous and readily distinguishable from the facts in *Bar-Tur*.

Moreover, Hylemon's fear of being at higher risk due to MS is not medically sound.  Under the then existing New York City Health Guidelines, having MS <u>does not</u> increase the risk of severe illness if one suffers from Covid-19.  The New York City Health Department published a guidance on groups at higher risks for severe illnesses from Covid-19[1].  MS is not listed as one of the underlying health conditions that increases the risks for severe illness.  *See New York City Health*, *COVID-19: Prevention and Groups at Higher Risks,* (December 22, 2020) (A copy of the Guidance is attached as Exhibit 1 to the Smith Decl.)[2].

For these reasons, Hylemon and Arazi presented no evidence in admissible form substantiating the existence of a disability for which they needed to be accommodated.  "[If] Plaintiff's [condition] is not a "disability"… her [disability discrimination] cause of action is dismissed."  *Zick v. Waterfront Comm'n of N.Y. Harbor,* 2012 U.S. Dist. LEXIS 144920, *12 (S.D.N.Y. Oct. 4, 2012)(dismissing plaintiff's discrimination claims because a broken leg is not disability); *Rogers v. City of New York*, 359 Fed. App'x. 201, 203 (2d Cir. Dec. 31,

---

[1] A recent medical blog supported by Cedars-Sinai on Multiple Sclerosis and Covid-19 finds that "current evidence tells us that MS patients aren't any more or less likely to get infected and don't seem to get a worse case if they do get sick."  *See* Katie Rosenblum, *Multiple Sclerosis and COVID-19: What We Know Now* (August 14, 2020, Cedars-Sinai Blog) accessible via https://www.cedars-sinai.org/blog/ms-and-covid-19.html

[2] Defendant respectfully requests the Court to take judicial notice of the Guidance as a matter of general public record and a promulgation by a city agency.  *See Fiore v. Medina*, 2012 U.S. Dist. LEXIS 143333, *1, fn.1 (S.D.N.Y. Sept. 27, 2012)("when ruling on a motion to dismiss, the Court may take judicial notice of records and reports of administrative bodies, items in the record of the case, [and] matters of general public records."); *Norman v. NYU Langone Health Sys.*, 2020 U.S. Dist. LEXIS 180990, *16 (S.D.N.Y. Sept. 16, 2020)("Although the regulations are not binding, courts in the Second Circuit afford them significant deference."); *Phillips v. County of Orange*, 894 F. Supp.2d 345, 388 (S.D.N.Y. 2012)(court may take judicial notice of these state agency-promulgated guidelines in deciding a motion to dismiss)(citing *T.P. ex rel. Patterson v. Elmsford Union Free Sch. Dist.*, No. 11-CV-5133, 2012 U.S. Dist. LEXIS 38500, at *3 (S.D.N.Y. Feb. 27, 2012)(noting in a motion to dismiss a court may take judicial notice of state-promulgated regulations and guidelines.))

2009)(dismissing plaintiff's discrimination claim because shortness of breath while climbing the stairs is not a disability).

Therefore, Hylemon and Arazi's disability claims contained in the Tenth and Eleven Claims of the Am. Complt. should be dismissed in their entirety.

## POINT II

### ARAZI FAILS TO STATE A CLAIM OF ASSOCIATIONAL DISABILITY DISCRIMINATION UNDER NEW YORK LAW

In the Tenth and Eleventh Claims, Arazi asserts Cohen Bros. violated the NYSHRL and the NYCHRL when it placed her on furlough. Arazi further alleges that Cohen Bros. discriminated against her on the basis of her association with her partner who contracted Covid-19.

In order to establish a claim for associational discrimination under New York law, Arazi must demonstrate, inter alia that: (1) at the time of her termination (or adverse action), Cohen knew she had a relative or associate with a disability; and (2) that the adverse action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the [adverse employment action]. *See Simmons*, 2011 U.S. Dist. LEXIS 24513, at *13.

Arazi cannot meet the first and second prongs of the test because her partner did not have a disability under New York law. Currently, there is no precedent holding that Covid-19 is a disability under the NYSHRL or the NYCHRL. Similar to the flu virus, Covid-19 is a transitory impairment and not a disability. Given the dearth of New York case law on the subject, federal case law is instructive on this matter. Under federal law, an employee is not "regarded as" disabled if the impairment that she is regarded as having is both "transitory and minor." 42 U.S.C. § 12102(3)(B); 29 C.F.R. § 1630.15(f). The legislative history of the "transitory and minor" American with Disability Act ("ADA") exception, indicates that its purpose is to exclude

"common ailments like the cold or flu" from being considered disabilities under the "regarded as" prong.  29 C.F.R. pt. 1630.  "[T]he person must have an impairment that must substantially limit his or her major life activities such as seeing, hearing, speaking, walking, breathing, performing manual tasks, learning, caring for oneself, and working.   Thus, an individual with epilepsy, paralysis, HIV infection, AIDS, a substantial hearing or visual impairment, mental retardation, or a specific learning disability is covered, but an individual with a minor, non-chronic condition of short duration, such as a sprain, broken limb, or the *flu*, generally would not be covered." Margaret C. Jasper, Legal Almanac:  *The Americans With Disabilities Act* § 2.5 (2012)(emphasis added); *see Martinez v. New York State Div. of Human Rights*, 2015 U.S. Dist. LEXIS 12536, *17- 18 (S.D.N.Y. Feb. 2, 2015)(emphasis added).  An employee is not "regarded as" disabled if the impairment that he is regarded as having is both "transitory and minor."  42 U.S.C. § 12102(3)(B); 29 C.F.R. § 1630.15(f); *Zick v. Waterfront Comm'n of N.Y. Harbor*, 2012 U.S. Dist. LEXIS 144920, *12 (S.D.N.Y. Oct. 4, 2012)("An individual is considered disabled under the ADA if she is regarded as having such an impairment…it shall not apply to impairments that are transitory and minor.") An impairment is "transitory" if it has an actual or expected duration of six months or less.  42 U.S.C. § 12102(3)(B).  Neither the statute nor the regulations define "minor."  The legislative history of the "transitory and minor" exception, however, indicates that its purpose is to exclude "common ailments like the *cold or flu*" from being considered disabilities under the "regarded as" prong.  29 C.F.R. pt. 1630.  For these reasons, Covid-19, like the flu, is a transitory and minor disease and should not be considered a disability under the NYCHRL or the NYSHRL. Therefore, Arazi's disability discrimination claims contained in the Tenth and Eleventh Claims fail and should be dismissed in their entirety.

**POINT III**

<u>**PLAINTIFFS FAIL TO STATE A CLAIM FOR WHISTLEBLOWER RETALIATION UNDER NEW YORK LABOR LAW SECTION 740**</u>

In the Ninth Claim, Plaintiffs allege that Defendant placed them on furlough status in violation of NYLL Section 740 ("Section 740").

Section 740 provides, in relevant part, that "[a]n employer shall not take any retaliatory personnel action against an employee because such employee . . . *discloses, or threatens to disclose* to a supervisor or to a public body *an activity, policy or practice* of the employer *that is in violation of law, rule or regulation which* violation creates and *presents a substantial and specific danger to the public health or safety . . .*" N.Y. Lab. L. § 740(2)(a) (emphasis added); *see also Reyes v. Energy Transp. Corp.*, No. 96-CV-3321 (JSM), 1997 WL 256923, *4 (S.D.N.Y. May 16, 1997).

Plaintiffs fail to state a plausible claim for a violation of Section 740 because Plaintiffs have not identified a particular Cohen policy or procedure that violated (or which they believed violated) any specific law, rule or regulation or that Defendant's alleged violation presented a substantial and specific danger to public health or safety.

"[T]he employee's complaint to the company must identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct." *Tonra v. Kadmon Holdings, Inc.*, 405 F. Supp. 3d 576, 586 (S.D.N.Y. 2019).

In the Am. Complt., Plaintiffs relate observations about various Cohen Bros. employees (*Am. Complt.* ¶¶ *104-107*), but do not identify any Cohen Bros. policy or procedure that violated any law. Thus, Plaintiffs fail to identify particular activities, policies or practices that Defendant allegedly engaged in that he knew or believed to violate a law, rule or regulation. *Id.* at 166 (sustaining complaint where "[t]he substantive allegations in the complaint . . . sufficiently support

plaintiff's allegation that defendants violated various laws, rules or regulations"); *see also Ulysse v. AAR Aircraft Component Servs.*, 131 N.Y.S.3d 609, 610 (2d Dep't 2020) (granting summary judgment where "the incidents forming the subjects of the plaintiff's complaints did not involve any actual violation of a law, rule, or regulation").

Plaintiffs fail to allege that Cohen Bros' policies, practices or activities created a substantial and specific danger to the public health or safety.  The requisite "threat to public safety" contemplated by Section 740 "has generally been narrowly construed to apply to the public at large."  *Reyes*, 1997 WL 256923, *4 (citing *Remba v. Fed'n Employment & Guidance Serv.*, 76 N.Y.2d 801, 803 (1990)) (affirming dismissal of claim under Section 740 because defendant's conduct "is not the type of violation which creates a substantial and specific danger to the public health or safety") (internal quotation marks omitted).  For example, Plaintiffs' personal complaint that they observed Richard Cohen came back to the New York office after traveling to the United Kingdom does not satisfy the requirement to allege that Cohen's policy, procedures or activities threatened the public at large as there was no quarantine requirement in the state of New York at that time.  *See Reyes*, 1997 WL 256923, *4 (citation omitted) (Counterclaimant's purported "whistleblower Complaint" related entirely personal concerns and demands that are insufficient to plausibly allege retaliation.)

Finally, Plaintiffs have failed to plausibly allege that Cohen Bros. took adverse action against them as a result of their complaints about the manner in which Cohen Bros. handled Covid-19 situation.  The Am. Complt. refers to the March 18, 2020 Executive Order (Executive Order No. 202.6, issued on March 18, 2020, which is attached as Exhibit 2 to Smith Decl.).  Contrary to Plaintiffs' belief, Executive Order 202.6 does not prohibit the conduct of which Plaintiffs complained.  The Executive Order mandates "non-essential" New York businesses to reduce their

in-person workforce at any work location by 50%.  On March 20, 2020, Governor Cuomo issued another Executive Order (Executive Order 202.8 is attached as Exhibit 3 to the Smith Decl.), requiring all "non-essential" New York businesses to reduce their in-person workforce at any work location by 75%.  Neither Executive Order mandates private employers that do not have a working from home policy, like Cohen, to create one.  The Executive Orders did not require such employers to offer a work from home option.  Therefore, Cohen Bros. did not violate any rule and the claim fails.  *See HC2, Inc. v. Delaney,* 2020 U.S. Dist. LEXIS 239308, *16-18 (S.D.N.Y. Dec. 18, 2020) (dismissing § 740 complaint because Cuomo's Executive Orders did not mandate creation of working from home policy); *Klein v. Metropolitan Child Servs., Inc.*, 100 A.D.3d 708, 954 N.Y.S.2d 559, 561 (2d Dep't 2012) ("There must be an actual violation of a law, rule or regulation" to make out a claim under NYLL § 740).

Contrary to Plaintiffs' allegations, in light of Plaintiffs' unwillingness to come to work and in the absence of a work from home policy, Defendant had no other choice but to place Plaintiffs on furlough.  For these reasons, the Ninth Claim should be dismissed in its entirety.

## POINT IV

## PLAINTIFFS' HOSTILE WORK ENVIRONMENT CLAIMS SHOULD BE DISMISSED

### A.   Hylemon's Gender-Based Discrimination Claim is Time-Barred

In the Seventh and Eighth claims, Hylemon and Arazi allege gender-based hostile work environment claims under the NYSHRL and the NYCHRL.  The hostile work environment claims fail.

First, both the NYSHRL and the NYCHRL carry a three-year statute of limitations. *E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 831 (S.D.N.Y. 2013) ("Under the NYSHRL and NYCHRL, the statute of limitations is three years from the date that the claim accrued.") (internal citations omitted).  With respect to Hylemon, the complained-of acts described in the Am.

14

Complt., which purportedly form the basis of the hostile work environment claims, occurred when she worked for Cohen from March 2014 to December 2016. (*Am. Complt. ¶ 72-89*). Accordingly, these alleged acts occurred more than three years from October 22, 2020, the filing date of the original complaint. Because the alleged acts took place outside of the three-year statute of limitations period, Hylemon's hostile work environment claims against Defendant are time barred and must be dismissed.

Plaintiffs may not avail themselves of the continuous violation doctrine to try and save the discrimination claims. In order to establish that the continuous violation doctrine applies, Plaintiffs would have to "demonstrate that [there was] a continuous policy and practice of discrimination, and that one act in furtherance of the policy and practice fell within the [statute of limitations] period." *Bonner v. Guccione*, 178 F.3d 581, 584 (2d Cir. 1999) (emphasis added). In the present case, there is none. The Am. Complt. does not contain additional allegations applicable to the gender-based hostile work environment claims. Plaintiffs vaguely state that "Ms. Hylemon continued to have to do some work for Cohen, and he continued to yell at her." (*Am. Complt ¶ 86*). Such vague and isolated instances of alleged harassment do not usually suffice to establish a hostile work environment. Rather, the plaintiff must show either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her employment. *Howley v. Town of Stratford*, 217 F.3d 141, 153 (2d Cir. 2000). The Am. Complt. fails to do so. Indeed, Hylemon concedes herself that she stopped working for Cohen in 2016 and worked indirectly for him in the following years. (*Am. Complt. ¶ 72*).

For the above-stated reasons, Hylemon's gender-based hostile work environment claims should be dismissed. To the extent the claims of the other Plaintiffs depend on the events that occurred prior to October 22, 2017, those claims should be dismissed as well.

B.     The Severe or Pervasive Standard is Applicable to Plaintiffs' NYSHRL Gender-Based Discrimination Claims

Hylemon's and Arazi's gender-based hostile work environment claims must be analyzed under the "severe or pervasive" standard rather than the more employee-friendly standard pursuant to the amendments to the NYSHRL in October 2019, the effective date of the amendment.[3]  In the Am. Complt., Plaintiffs do not allege that any of the pertinent acts that form the basis of their hostile work environment claims occurred after October 11, 2019, the effective date of the amendment.  Therefore, the "severe or pervasive" standard applies.  As such, even if Plaintiffs' claims are not time barred, which they are, they should be analyzed under the severe or pervasive standard, under which they fail.

To prevail on a hostile work environment claim under NYSHRL, a plaintiff must demonstrate that: "(1) she is a member of a protected class; (2) she suffered unwelcome harassment; (3) she was harassed because of her membership in a protected class; and (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment."  *Rogers v. Bank of N.Y. Mellon,* 2016 U.S Dist. LEXIS 107780, *29-30 (S.D.N.Y. Aug. 15, 2016).

Under the severe or pervasive standard, a plaintiff must produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.  *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014) (internal quotations omitted).  "This standard has both objective and subjective

---

[3] S.6577 amended the "severe or pervasive" standard.  S.6594 amends the effective date of S.6577 to clarify that the change in the law being enacted in these pieces of legislation will apply to cases that start to accrue after the effective dates of these changes, not before.

components; the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *See Littlejohn v. City of New York*, 795 F.3d 297, 321 (2d Cir. 2015) (citing *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23 (1993)).

In conducting this analysis, the Second Circuit considers: "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether the conduct was physically threatening or humiliating, or a 'mere offensive utterance'; (4) whether the conduct unreasonably interfered with plaintiff's work." *See Daeisadeghi v. Equinox Great Neck, Inc.*, 794 Fed. Appx. 61, 64 (2d Cir. 2019). Not every case in which allegations exist point to evidence that a plaintiff was subjected to harassment that rises to the level of creating a hostile work environment. *Id.*

To support the gender-based hostile work environment claims, Plaintiffs allege that Cohen "has a longstanding reputation for verbally abusing, screaming at, berating, belittling, and humiliating employees, particularly female employees." (*Am. Complt. ¶ 71*) Plaintiffs also allege that Hylemon and Julia heard many of the episodes where Cohen "raged" at Arazi. (*Am. Complt. ¶ 75*). Furthermore, Plaintiffs claim that Cherniak "frequently berated" Hylemon. (*Am. Complt. ¶ 96*). Plaintiffs' allegations are merely conclusory that Cohen's conduct created a gender-based hostile work environment. Plaintiffs do not allege that Cohen used any gender-based derogatory words or comments to describe them. Indeed, in some instances where Plaintiffs quote Cohen's words, those words are devoid of any gender-based references. As such, Plaintiffs fail to demonstrate that Cohen's and Cherniak's conducts were directed at them because of their gender. Moreover, Plaintiffs acknowledge that Mr. Cohen has a reputation for belittling and humiliating "employees" irrespective of their gender. (*Am. Complt. ¶ 71*). The complained-of conduct does not rise to the level of severe or pervasive. The alleged yelling and screaming are, at most, merely

17

rude and obnoxious behavior, rather than physically threatening or humiliating, and none of the alleged conduct was pled to have unreasonably interfered with their work. According to Hylemon and Arazi, they managed to timely show up to work and effectively do their duties. For these reasons, Arazi's and Hylemon's gender-based hostile work environment claims under NYSHRL fail and therefore, should be dismissed.

C.      <u>Plaintiffs' Discrimination Allegations Are Conclusory</u>

Third, the allegations of gender-based hostile work environment are conclusory and conclusory allegations are insufficient to withstand a motion to dismiss. The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g., Iqbal*, 556 U.S. at 678; *Mastafa v Chevron Corp.,* 770 F.3d 170, 177 (2d Cir. 2014). Moreover, "[a]though a court must accept as true all the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action … do not suffice" to survive a motion to dismiss. *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009). In fact, Plaintiff's third amended complaint is nothing but a litany of conclusory statements and no particular facts that could prove a hostile work environment. For example, Plaintiffs state that "Mr. Cohen treated female employees… substantially worse than male employees," (*Am. Complt. ¶ 73*); however Plaintiffs fail to point to any specific example of a situation in which Cohen treated female employees worse than male employees. Plaintiffs also allege that Cherniak "frequently made jokes with sexual undertones." (*Am. Complt. ¶ 94*). Plaintiffs fail to point any example of inappropriate jokes or comments Cherniak may have uttered. Even under the lenient pleading requirement of Fed. R. Civ. Pro. 8(a)(2), conclusory allegations are insufficient to withstand a motion to dismiss. *See Manos v. Geissler,* 377 F.Supp.2d 422, 425 (S.D.N.Y.2005). Moreover, courts need

not accept as true pleadings expressing legal conclusions, speculation and unsubstantiated allegations "so broad and conclusory as to be meaningless." *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 120 (2d Cir. 1982); *see also Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir. 2002) (while the court must construe factual allegations in the light most favorable to the plaintiff, the court is not required to accept plaintiff's legal conclusions).

     D.     <u>Plaintiffs' Hearsay Statements Are Not Admissible</u>

In reviewing a motion to dismiss, a Court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or *hearsay* statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Sch*., 386 F.3d 107, 110 (2d Cir. 2004). "Hearsay is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Hearsay and secondhand information do not constitute personal knowledge. *Isaacs v. Mid Am. Body & Equip. Co.,* 720 F.Supp. 255, 256 (D.Conn.1989).

In the Am. Complt., Plaintiffs claim second-hand information about Mr. Cohen's alleged discriminatory interview techniques. Plaintiffs allege that "Mr. Cohen treated female job candidates different than male job candidates. When interviewing a woman, Mr. Cohen often asked if the woman was married, whether she had children, how old her children were, who would care for her children if she came to work at Cohen Brothers, and where she lived. Mr. Cohen would not ask these questions of male job candidates." (*Am. Complt. ¶ 87-88).* However, none of the Plaintiffs ever participated to or witnessed Mr. Cohen interviewing a male or a female candidates. These allegations are second-hand information, constitute hearsay and, therefore, are not admissible.

E.      Gender-Based Claims under the NYCHRL

The gender-based hostile work environment claims by Arazi and Hylemon under the NYCHRL cannot be sustained.  To sustain these claims under the NYCHRL, Plaintiffs must show differential treatment of any degree based on a discriminatory motive.  *Gorokhovsky v. N.Y.C. Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014).  It is not enough that a plaintiff has an overbearing or obnoxious boss.  The NYCHRL is not a "general civility code."  A plaintiff must show that she has been treated less well because of her gender.  Apart from Plaintiff's conclusory allegations, the Am. Complt. is devoid of any allegations to show that Plaintiffs experienced unequal treatment in the workplace because of their gender.

Plaintiffs' description of the work environment of Cohen Bros. paints of picture of eccentric executives who yells and screams, not an environment evidencing bias against women.  Plaintiffs set forth no evidence, merely conclusory allegations, that Cohen and Cherniak's behaviors were gender-based.  Indeed, Arazi herself recognizes Cohen was overbearing with everyone regardless of their gender.  The Am. Complt. states that "employees sometimes called Ms. Arazi and said that they had documents for Mr. Cohen to sign, but were so afraid to go past that glass door that they would beg Ms. Arazi to pick up the documents from them somewhere in the corridor and call them after Mr. Cohen had signed the documents and left the office." (*Am. Complt. ¶ 77*).  It appears that all employees feared Cohen's exuberant character; not just the female employees.  *Id.*  Accordingly, Arazi and Hylemon will be not be able to demonstrate that they were treated less because of their gender.  Therefore, the NYCHRL gender-based hostile work environment claims fail and should be dismissed.

Moreover, the events described in the Am Complt. are nothing but what a reasonable victim of discrimination would consider "petty slights and trivial inconveniences."  *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 111 (2d. Cir. 2013); for example, Cohen telling

Hylemon: "You are walking too slow!"  (*Am. Complt. ¶ 82*) or "I don't eat cheese!" (*Am. Complt. ¶ 82*) or Mr. Cherniak using the word "gumara[4]" in front of them (*Am. Complt. ¶ 96*).   These claims are the quintessential examples of trivial inconveniences the law has consistently made clear is not actionable.  *See Breitztein v. Michael C. Fina*, 2016 N.Y. Misc. LEXIS 3591, *39 (N.Y. Cnty 2016) (while conduct of yelling at subordinates may be uncivil, "plaintiff cannot establish that he was treated less well due to a protected characteristic.  Mere personality conflicts must not be mistaken for unlawful discrimination, lest the antidiscrimination laws become a general civility code.").  *See Wilson v. N.Y.P. Holdings, Inc.,* 2009 U.S. Dist. LEXIS 28876, at *29 (S.D.N.Y. Mar. 31, 2009) (references to female employees as "whores," "sluts," and "girls," among other things, over a number of years, amounted to no more than "petty slights and inconveniences"); *Inman v. City of New York*, 2011 U.S. Dist. LEXIS 104232, *18-19 (S.D.N.Y. Sept. 13, 2011) (granting summary judgment in case where supervisor referred to his staff as "loads," as in "loads of shit," and called them "lazy" because no reasonable factfinder could find that the conduct plaintiff complained of consisted of more than "petty slights and inconveniences.")  Here, the conduct of which Plaintiffs complain fall well short of the conduct the courts have found to be no more than petty slights and inconveniences.  Accordingly, Arazi's and Hylemon's gender-based hostile work environment claims fail under NYCHRL.

---

[4] The word "goomarah" (misspelled by Plaintiffs), means "mistress" or "godmother" in Italian.  As described by the Urban Dictionary "this word originates from "comare," which is a word for the godmother of one's child.  These words are also used to describe a very close friend who isn't necessarily the godmother of your children." See Urban Dictionary, "*Goomorah*",  accessible at https://www.urbandictionary.com/define.php?term=goomara.  There are no indications that this word has any sexual undertone nor can be seen as a tool of sexual harassment.

**POINT V**

**PLAINTIFFS' RETALIATION CLAIMS UNDER THE NYSHRL AND THE NYCHRL SHOULD BE DISMISSED**

Retaliation claims under the NYSHRL and the NYCHRL are analyzed using the three-part test outlined in *McDonnell Douglas*. *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506-07, 113 (1993).

In order to make out a *prima facie* case of retaliation, a plaintiff must show:  "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse action; and (4) a causal connection between the protected activity and the adverse employment action." *Mayers v. Emigrant Bancorp, Inc.*, 796 F. Supp. 2d 434, 445 (S.D.N.Y. 2011).  Assuming *arguendo* that Plaintiffs are able to make out a *prima* facie case, Defendant needs to demonstrate it had a legitimate, non-retaliatory, and non-pretextual reason to terminate Plaintiffs' employment.  See *Canady v. Univ. of Rochester*, 736 F. App'x 259, 262 (2d Cir. 2018).

First, Plaintiffs have not established that they suffered an adverse employment action because Defendant's actions did not "affect the terms and conditions of the plaintiff[s]' employment." *Spaulding v. New York City Dep't of Educ.*, 2015 WL 12645530, at *35 (E.D.N.Y. Feb. 19, 2015).  In the present case, Defendant did not take an adverse employment action against Plaintiffs.  Defendant recalled Hylemon and Arazi.  (*Am. Complt.¶ 182*).  Hylemon and Arazi did not report to work on the pre-assigned date and therefore abandoned their positions.  (Exhs. 4-6 attached to Smith Decl.).  Julia's situation is even more appalling.  In the middle of the summer 2020, Julia abandoned her position and entered into another employment relationship in Miami, Florida with the law firm Jackson Lewis, P.C. Julia failed to provide notice of her resignation to Defendant in violation of her employment agreement with Cohen.  On February 23, 2021, Cohen made an offer of reemployment to Julia.  She did not accept Defendant's offer.  Therefore,

Defendant did not take any adverse employment action against Julia, Hylemon or Arazi.  They simply abandoned their jobs.

Second, Plaintiffs have not established a causal connection between the Complaint and the end of their employment.  A causal connection can be established in two manners: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Thomas v. iStar Fin., Inc.*, 508 F.Supp.2d 252, 257 (S.D.N.Y.2007).  Here, the temporal nexus, five-month is insufficient to establish a causal connection.  *E.g., Chukwueze v. NYCERS,* 891 F.Supp.2d 443, 456–58 (S.D.N.Y.2012) (three- to six-month gap insufficient to establish causal connection); *Murray v. Visiting Nurse Servs. of N.Y.,* 528 F.Supp.2d 257, 275 (S.D.N.Y.2007) ("[T]he Second Circuit has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship....  However, district courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation.").  Furthermore, Plaintiffs fail to bring a single indicia of evidence that Defendant had a retaliatory animus directed against them.

Third, assuming *arguendo* if Plaintiffs were to make a *prima facie* case of retaliation, Defendant can proffer a legitimate, non-retaliatory, and non-pretextual reason for the end of Plaintiffs' employment.  *Romney v. N.Y. City Transit Auth.,* 8 A.D.3d 254, 255 (2d Dep't 2004).  As explained above, Plaintiffs abandoned their employment with Cohen.  Contrary to their allegations, Defendant did not retaliate against Plaintiffs.  For these reasons, Plaintiffs' retaliation claims are wholly without merit and must be dismissed.

**POINT VI**

**PLAINTIFF'S RETALIATION UNDER THE FLSA AND THE NYLL
SHOULD BE DISMISSED**

To establish a *prima facie* claim of retaliation under the FLSA and the New York State analogue, a plaintiff must show: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of N. Y.,* 626 F.3d 47, 53 (2d Cir.2010); *see also, e.g., Salazar v. Bowne Realty Assocs., L.L.C.,* 796 F.Supp.2d 378, 384 (E.D.N.Y.2011) (noting that the standards under the FLSA and NYLL "significantly overlap" and require the same three elements).

To satisfy this claim, the evidence must show, at a minimum, that the actions here complained of "constitute an adverse employment action taken because of [the] complaints under the Labor Law." *See Kreinik v. Showbran Photo, Inc.,* 2003 WL 22339268, at *8 (S.D.N.Y.2003). In the present case, Defendant made offers of reinstatement to Hylemon and Arazi and offer of reemployment to Julia. They rejected the offers, failed to report to their positions on the pre-assigned date and therefore abandoned their positions. Defendant did not take any adverse employment action against Plaintiffs; it simply acknowledged their job abandonment. Plaintiffs who voluntarily leave their positions cannot claim that they were discharged in retaliation under the NYLL and the FLSA. *Ayres v. 127 Rest. Corp.,* 12 F. Supp. 2d 305, 311 (S.D.N.Y. 1998) (holding that waiters that voluntarily left their employment could not claim retaliatory termination under the NYLL and the FLSA). Therefore, Plaintiffs' retaliation claims under the FLSA and the NYLL fail.

## <u>CONCLUSION</u>

Based on the foregoing, Defendant respectfully requests the Court to dismiss parts of Seventh and Eighth Claims pertaining to Hylemon and Arazi and the Ninth, Tenth, Eleven, Twelfth, Thirteen, Fourteenth, and Fifteen Claims in their entirety pursuant to Fed. R. Civ. Pr. Rule 12(b)(6) for failure to state a claim, and award such other and further relief as this Court deems just and equitable.


Dated       New York, New York
            May 19, 2021

                                        Respectfully submitted,

                                        **BUCHANAN INGERSOLL & ROONEY, P.C.**


                                        By:  /s/ *Ivan Smith*_____

                                             Ivan Smith, Esq.
                                             Marc-Joseph Gansah, Esq.
                                             640 Fifth Avenue, 9th Floor
                                             New York, NY 10019-6102
                                             (212) 440-4400

4839-8835-1209, v. 4