UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

CORINNE ARAZI, ROSEANN HYLEMON, and     Case No. 20-cv-08837(GHW)(SDA)
EVELYN JULIA,

               Plaintiffs,

    -against-

COHEN BROTHERS REALTY CORPORATION,

               Defendant.

---------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN SUPPORT
# OF DEFENDANT'S PARTIAL MOTION TO DISMISS

Ivan D. Smith, Esq.                 BUCHANAN INGERSOLL & ROONEY PC
Marc-Joseph Gansah, Esq.

                                                      *Attorneys for Defendant Cohen Brothers Realty Corporation*

**TABLE OF CONTENTS**

Page(s)

INTRODUCTION ........................................................................................................................... 1

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.     Hylemon and Arazi Did Not Have a Disability Under NYSHRL and NYCHRL ........................................................................................................... 2

          A.    Relevant Guidance Does not Support Plaintiffs' Position .......................... 2

          B.    The Third Amended Complaint Lacks Factual Allegations to Support Plaintiffs' Claims .............................................................................. 2

          C.    Case Law Does not Support Plaintiffs' Position that Hylemon and Arazi had a Disability ................................................................................. 3

    II.    Cohen Did not Have Any Obligation to Accommodate Hylemon's Partner .......... 4

    III.   Defendant Did Not Violate Governor Cuomo's Orders Nor Retaliate Against Plaintiffs .................................................................................................... 5

    IV.   Arazi and Hylemon Failed to State a Gender-Based Hostile Work Environment Claim ................................................................................................ 7

    V.    Plaintiffs' Retaliation Claims Fail as a Matter of Law. .......................................... 9

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................8

*Bar-Tur v. Arience Capital Mgmt, L.P.*,
   490 Fed. App'x. 392 (2d Cir. Aug. 3, 2012)...........................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................................8

*Bonner v. Guccione*,
   178 F.3d 581 (2d Cir. 1999).....................................................................................................6

*Decker v. Massey–Ferguson, Ltd.*,
   681 F.2d 111 (2d Cir. 1982).....................................................................................................7

*Fraser v. Fiduciary Tr. Co. Int'l*,
   2009 WL 2601389 (S.D.N.Y. Aug. 25, 2009), *aff'd*, 396 F. App'x 734 (2d
   Cir. 2010) ................................................................................................................................8

*Hagan v. City of N.Y.*,
   39 F. Supp. 3d 481 (S.D.N.Y. 2014).......................................................................................7

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009).......................................................................................................7

*HC2, Inc. v. Delaney*,
   2020 U.S. Dist. LEXIS 239308 (S.D.N.Y. Dec. 18, 2020) ......................................................5

*Howley v. Town of Stratford*,
   217 F.3d 141 (2d Cir. 2000)................................................................................................6, 7

*Jackson v. NYS Dep't of Labor*,
   709 F.Supp.2d 218 (S.D.N.Y.2010), *appeal dismissed,* 431 F. App'x 21 (2d
   Cir. June 15, 2011)..................................................................................................................8

*Pimental v. Citibank, N.A.*,
   29 A.D.3d 141 (1st Dep't 2006) ..............................................................................................2

*Pryor v. Jaffe & Asher, LLP*,
   992 F. Supp. 2d 252 (S.D.N.Y. 2014).....................................................................................7

*Simmons v. Woodycrest Ctr. for Hum. Dev., Inc.*,
   No. 2011 WL 855942 (S.D.N.Y. Mar. 9, 2011) ....................................................................3

*Simmons v. Woodycrest Ctr. For Human Dev., Inc.*,
  2011 U.S. Dist. LEXIS 24513 (S.D.N.Y. March 8, 2011) ................................................. 3, 4

*Smith v. Local 819 I.B.T. Pension Plan*,
  291 F.3d 236 (2d Cir. 2002) ................................................................................................. 7

*Velez v. Girraphic LLC*,
  No. 20 CIV. 5644 (JPC), 2021 WL *1873233 (S.D.N.Y. May 10, 2021)* .............................. 4, 5

**Statutes**

42 U.S.C. § 12101 .................................................................................................................... 3

N.Y.L.L. § 740 ................................................................................................................ 1, 5, 6

**Rules & Regulations**

Fed. R. Civ. P. Rule 12(b)(6) .................................................................................................... 9

N.Y.C. Admin Code § 8–102(18) ............................................................................................. 5

**Other Authorities**

"*Employers are not required by the NYCHRL to provide accommodations based
  on an employee's generalized fears*."
  https://www1.nyc.gov/assets/cchr/downloads/pdf/materials/COVIDemployme
  nt-faq.pdf .............................................................................................................................. 2

*Employment Questions Related To COVID-19 And Remote Work* (v) available at
  https://www1.nyc.gov/assets/cchr/downloads/pdf/materials/COVIDemployme
  nt-faq.pdf .............................................................................................................................. 4

*Pandemic Preparedness in the Workplace and the Americans with Disabilities
  Act*, available at https://www.eeoc.gov/laws/guidance/pandemic-preparedness-
  workplace-and-americans-disabilities-act ............................................................................. 3

**INTRODUCTION**

Defendant Cohen Brothers Realty Corporation ("Cohen Bros." or "Defendant"), by its undersigned attorneys, Buchanan Ingersoll & Rooney PC, submits this Reply Memorandum of Law in further support of its partial motion to dismiss parts of the Seventh and Eighth Claims, and the Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth Claims in their entirety, of the Third Amended Complaint filed on April 16, 2021 (the "Am. Complt.") by Plaintiffs Corinne Arazi ("Arazi"), Roseann Hylemon ("Hylemon") and Evelyn Julia ("Julia"), (collectively "Plaintiffs").

**PRELIMINARY STATEMENT**

In their opposition brief to Defendant's Partial Motion to Dismiss ("Pl.'s Opp.") (Dkt. 48), Plaintiffs repeat their failed argument that Arazi's and Hylemon's fear of developing a severe form of Covid-19 should be considered a disability under New York City Human Rights Law ("NYCHRL") and the New York State Human Rights Law ("NYSHRL"). Second, Defendant did not have an obligation to accommodate Arazi's partner who contracted Covid-19. Third, Plaintiffs' NYLL §740 claim fails because Defendant did not violate Governor Cuomo's Executive Orders.

Fourth, Plaintiffs fail to demonstrate how the continuing violation doctrine saves Hylemon's hostile work environment claim. Fifth, Plaintiffs' retaliation claims fail because they simply refused to return to work after Defendant unconditionally recalled them to their former jobs. Further, their refusal to return to work is an intervening factor that nullifies any temporal proximity argument to prove retaliation.

For these reasons and those outlined below, this Court should grant Defendant's Partial Motion to Dismiss (the "Motion") (Dkt. 44).

**ARGUMENT**

**I.   HYLEMON AND ARAZI DID NOT HAVE A DISABILITY UNDER NYSHRL AND NYCHRL**

    **A.   Relevant Guidance Does not Support Plaintiffs' Position**

Throughout Pl's Opp., Plaintiffs try to convince the Court that Hylemon and Arazi sought an accommodation due to a disability. Unfortunately for Plaintiffs, the reality is different. The condition for which Hylemon requested an accommodation, is not MS. Rather, it was the fear, due to her MS condition, of being at risk of developing a severe form of Covid-19, if infected. *(Am. Complt. ¶¶ 92, 111-16, 119, 147)*. Similarly, Arazi claims that Cohen discriminated against her by failing to grant her request to work from home as a reasonable accommodation. However, at the time Arazi did not identify a disability as the basis of the request but asked for an accommodation for fear of being at risk of developing Covid-19. Further, to the extent Arazi sought to work from home as a reasonable accommodation because of her partner, Cohen was not legally obligated to entertain that request.

Plaintiffs' reliance on a guidance the New York City Commission published on May 29, 2020 is misplaced. The same guidance explicitly states that "*Employers are not required by the NYCHRL to provide accommodations based on an employee's generalized fears.*" https://www1.nyc.gov/assets/cchr/downloads/pdf/materials/COVIDemployment-faq.pdf Arazi's and Hylemon's requests for accommodation were based on their fear of developing severe forms of Covid-19, and not on actual disabilities.

    **B.   The Third Amended Complaint Lacks Factual Allegations to Support Plaintiffs' Claims**

The Am. Complt. does not contain a single allegation that Arazi informed Defendant of her low white blood cell condition and that she requested an accommodation for it. Under New York law, it is well-settled that an employer has a responsibility to investigate the feasibility of an

accommodation only *after* an employee makes a specific request. *Pimental v. Citibank, N.A.*, 29 A.D.3d 141, 148 (1st Dep't 2006) ("The obligation of reasonable accommodation is also limited to the employer's knowledge of the disability that needs to be accommodated"). Moreover, it has not been established that the condition of having a low white blood cell is considered a disability under New York law.

Further, the Am. Complt. is devoid of a single allegation or description of a single event that establishes that Defendant discriminated against Plaintiffs because it perceived them as disabled. To the contrary, Defendant wanted Plaintiffs to come to work and they furloughed them only after Governor Cuomo issued the "New York on Pause" order. Nevertheless, as Defendant moved to dismiss the Tenth and Eleventh claims in their *entirety,* this motion necessarily includes any claims for perceived disability discrimination.

Last, contradiction permeates Pl. Opp. For example, Plaintiffs state that Covid-19 cannot be "compared to the flu" when opposing Defendant's argument on the ADA "minor and transitory" Description of the flu. (Pl. Opp at p.17). However, in order to argue that Arazi and Hylemon suffered from a disability, Plaintiffs rely on a guidance the CDC prepared for a flu pandemic in 2009. (Pl. Opp. p.10); EEOC, *Pandemic Preparedness in the Workplace and the Americans with Disabilities Act*, available at https://www.eeoc.gov/laws/guidance/pandemic-preparedness-workplace-and-americans-disabilities-act.

**C.   Case Law Does not Support Plaintif''s Position that Hylemon and Arazi had a Disability**

Case law does not support Plaintiffs' position that Hylemon and Arazi had a disability. First, Plaintiffs in their opposition (Pl.'s Opp. at 5) misconstrues *Simmons v. Woodycrest Ctr. For Human Dev., Inc.,* 2011 U.S. Dist. LEXIS 24513 (S.D.N.Y. March 8, 2011). In *Simmons, the Court states* explicitly that "even though these claims are brought under New York law, New York

3

courts, in assessing claims of employment discrimination under both the NYSHRL and the NYCHRL, utilize, in all respects here pertinent except as noted, the same standards as those applicable to the federal Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA")."

Second, contrary to Plaintiffs' assertions, the relevant issue is not whether MS is a disability or not. Rather, the issue is whether a fear of being at higher risk of developing an illness without developing the illness is a disability under New York law. The Court in *Simmons* is clear on that issue. It is not a disability. "There is no authority, nor support in the record here, for the claim that this condition — which, though a risk factor for several serious ailments, standing alone has no physical manifestations —constitutes a disability under the NYSHRL or NYCHRL." *Simmons,* 2011 U.S. Dist. LEXIS 24513, *13-14.

Third, Plaintiffs' reliance on *Bar-Tur v. Arience Capital Mgmt, L.P.,* 490 Fed. Appx. 392 (2d Cir. Aug. 3, 2012), is misplaced. In *Bar-Tur*, the plaintiff's medical condition – Common Variable Immunodeficiency (CVID) is a *disability* under NYSHRL and NYCHRL law and he explicitly sought an accommodation for that condition. That is not the case here. Hylemon and Arazi did not seek an accommodation for MS and LWBCC, but sought an accommodation because they feared that they were at a higher risk for a more severe form of Covid-19 due to these conditions. Arazi's and Hylemon's fear that they were at higher risk is not a disability. For these reasons, Plaintiffs' disability claims fail.

## II. COHEN DID NOT HAVE ANY OBLIGATION TO ACCOMMODATE ARAZI'S PARTNER

Defendant did not have an obligation to accommodate Arazi's partner's illness. Guidance provided by Plaintiffs in their opposition clearly state "Employers are not required by the NYCHRL to provide accommodation based on an employee's association with someone's with protected status, such as a disability. *Employment Questions Related To COVID-19 And Remote*

4

*Work* (v) available at:

https://www1.nyc.gov/assets/cchr/downloads/pdf/materials/COVIDemployment-faq.pdf   (Pl. Opp. at pp. 9-10).

To try to establish that Covid-19 has been deemed a disability by a court, Plaintiffs cite a May 2021 decision, *Velez v. Girraphic LLC,* No. 20 CIV. 5644 (JPC), 2021 WL *1873233, *6 (S.D.N.Y. May 10, 2021)*. However, the *Velez* ruling occurred after the relevant period of time in this case and was not available law during the pandemic and the parties' interaction. Specifically, Plaintiffs' employment terminated on March 8, 2021, -- before the *Velez* ruling was published and Plaintiffs filed the Am. Complt. on April 16, 2021 --  before the *Velez* ruling.

Moreover, it is not clear that the *Velez* case stands for the proposition that Covid-19 is a disability under NYCHRL. It is clear that the plaintiff in *Velez* had a severe respiratory problem that may or may not have been caused by Covid-19 and sought an accommodation for the severe respiratory issue and not specifically for Covid-19. There is no indication in the record that Velez ever took a Covid-19 test and was positive.

### III. DEFENDANT DID NOT VIOLATE GOVERNOR CUOMO'S ORDERS NOR RETALIATE AGAINST PLAINTIFFS

Plaintiffs continue to allege that Cohen violated Governor Cuomo's executive orders by not allowing them to work from home. (Pls'. Opp. at pp. 11-15) Contrary to Plaintiffs' belief, Executive Orders 202.6, 202.7., and 202.8 (the "Executive Orders") did not authorize private employers to create work from home policies. The Executive Orders mandated that "non-essential" New York businesses to reduce their in-person workforce. That is the point this Court conveyed in *HC2, Inc. v. Delaney,* 2020 U.S. Dist. LEXIS 239308, *16-18 (S.D.N.Y. Dec. 18, 2020) (dismissing § 740 complaint because Cuomo's Executive Orders did not mandate creation of working from home policy). At the time Governor Cuomo issued the Executive Orders,

5

Plaintiffs were no longer in the workplace. The last day they were physically in the office was March 13 and 18, 2020. (*Am. Complt*.¶¶ 10, 30, 42) Plaintiffs claim that the violation occurred based on Cohen's statements that "NY State mandate to reduce the in-person workforce by 100% is somewhat ambiguous," and "so we intend to keep our buildings open and operational. Please make your own decision whether or not to come to work being guided by the time off policies previously advised." (*Am. Complt*.¶¶ 149-150) violated the orders. Based on Plaintiffs' own statements, they stopped working in the New York office in March, prior to the issuance of the Executive Orders; furloughed in May and never returned to the office. (*Am. Complt*. ¶¶ 10, 30, 42) So, even if a violation had occurred, it did not affect Plaintiffs as they were not in the office.

Second, creating a work from home policy from scratch in the middle of pandemic would have been an undue hardship for Defendant. That would have implicated a heavy financial burden to equip all employees, the creation of new practices and regulations and a complete change of business model. An accommodation "shall not cause undue hardship in the conduct of the [employer's] business." N.Y.C. Admin Code § 8–102(18).

Third, in Plaintiffs' case, Defendant respected and compiled with the Executive Orders. First, Plaintiffs requested sick leave and vacation days in order to stay at home. Defendant granted their requests. Second, Plaintiffs' last days in the New York office were March 13, 2020 (Hylemon and Arazi) and March 18, 2020 (Julia) (*Am. Complt*. ¶¶ 13, 30, 42, 172). Furthermore, Defendant placed Plaintiffs on furlough on Monday May 4, 2020 and they never came back to the New York office. (*Am. Cmplt*. ¶¶ 172, 179). In accordance with the Executive Orders, Defendant did not order Plaintiffs to report to the New York location. For these reasons, there was no violation of the Executive Orders and Plaintiffs' §740 claims fail.

IV. **ARAZI AND HYLEMON FAILED TO STATE A GENDER-BASED HOSTILE WORK ENVIRONMENT CLAIMS**

Arazi's and Hylemon's gender based hostile work environment claims fail because they cannot avail themselves to the continuous violation doctrine and the conduct described does not rise to the level of viable claims under the NYSHRL and NYCHRL.

In order to establish that the continuous violation doctrine applies, Plaintiffs would have to "demonstrate that [there was] a continuous policy and practice of discrimination, and that one act in furtherance of the policy and practice fell within the [statute of limitations] period." *Bonner v. Guccione*, 178 F.3d 581, 584 (2d Cir. 1999) (emphasis added). In the present case, there is none. The Am. Complt. does not contain additional allegations applicable to the gender-based hostile work environment claims. Plaintiffs vaguely state that "Ms. Hylemon continued to have to do some work for Cohen, and he continued to yell at her." (*Am. Complt ¶ 86*). Such vague and isolated instances of alleged harassment do not usually suffice to establish a gender-based hostile work environment. Rather, the plaintiff must show either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her employment. *Howley v. Town of Stratford*, 217 F.3d 141, 153 (2d Cir. 2000). Moreover, Plaintiffs, in their Opp. failed to point to specific incidents in which Cohen discriminated against Hylemon after 2016. For these reasons, Hylemon's hostile work environment failed.

Second, contrary to Plaintiffs' allegations in Pl. Opp., Defendant never alleged that the "severe or pervasive" standard applied to NYCHRL claims. As explained in the Motion, the severe or pervasive standard applies to Plaintiffs' NYSHRL gender-based discrimination. (See Motion, p. 5)

7

Third, Plaintiffs' overreliance on the *Hagan* case is misplaced. *Hagan,* unlike the Plaintiffs here, identifies specific incidents that occurred and does not rely on conclusory statements to make out her claims. *Hagan v. City of N.Y.*, 39 F. Supp. 3d 481, 500 (S.D.N.Y. 2014) It is well-settled that conclusory allegations are insufficient to withstand a motion to dismiss. "Although a court must accept as true all the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action … do not suffice" to survive a motion to dismiss. *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009). Courts need not accept as true pleadings expressing legal conclusions, speculation and unsubstantiated allegations "so broad and conclusory as to be meaningless." *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 120 (2d Cir. 1982); *see also Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir. 2002) (while the court must construe factual allegations in the light most favorable to the plaintiff, the court is not required to accept plaintiff's legal conclusions).

Fourth, similar to conclusory statements, "statements reported to the plaintiffs and not supported by affidavits are inadmissible hearsay." *See Howley v. Town of Stratford,* 217 F.3d 141, 154–55 (2d Cir.2000) (testimony by plaintiff that other co-workers told her of certain harassing statements likely inadmissible to prove that the statements were actually made).

Last, Plaintiffs are incorrect in their assertion that courts do not engage in a "petty slights and trivial inconveniences" analysis on a motion to dismiss NYCHRL hostile work environment claims. *See Pryor v. Jaffe & Asher, LLP*, 992 F. Supp. 2d 252, 260 (S.D.N.Y. 2014) (noting, in a motion to dismiss analysis of a NYCHRL claim, "Employers may only avoid liability under the NYCHRL for conduct that results in an employee being treated 'less well' because of her gender ... when the conduct complained of constitutes nothing more than 'petty slights and trivial inconveniences'"). Defendant did not treat Plaintiffs less than their male counterparts. Defendant

8

placed males on furlough as well. (*Am. Complt*. ¶ 143). For these reasons, Plaintiffs' gender-based hostile work environment claims fail.

V.    **PLAINTIFFS' RETALIATION CLAIMS FAIL AS A MATTER OF LAW.**

Under New York law, Plaintiffs need not establish a *prima facie* case at the motion to dismiss stage of the litigation. However, Plaintiffs need to show that their claims are plausible under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Plaintiffs fail, in the *Am. Complt.,* to meet that burden with respect to the retaliation claims. *Jackson v. NYS Dep't of Labor,* 709 F.Supp.2d 218, 229 (S.D.N.Y.2010), *appeal dismissed,* 431 F. App'x 21 (2d Cir. June 15, 2011) (holding that although the plaintiff "need not allege each element of a prima facie claim to survive a motion to dismiss, the facts alleged at the very least must indicate the possibility that she was discriminated against on the basis of [a protected characteristic].") Plaintiffs fail to bring a single indicia of evidence that Defendant had a retaliatory animus directed against them.

Second, temporal causation can be undermined by an intervening factor. "Temporal proximity between the protected activity and the adverse action is a significant factor in considering a circumstantial showing of causation. However, its presence does not compel a finding of causation, particularly when there is a legitimate intervening basis for the adverse action." *Fraser v. Fiduciary Tr. Co. Int'l*, 2009 WL 2601389, at *6 (S.D.N.Y. Aug. 25, 2009), *aff'd*, 396 F. App'x 734 (2d Cir. 2010). In the present case, Plaintiffs refused to return to work despite Defendant's offer of an unconditional recall. Plaintiffs' rejection of the unconditional recall was the intervening factor that undermines the retaliation claims.

**CONCLUSION**

Based on the foregoing, Defendant respectfully requests the Court to dismiss parts of Seventh and Eighth Claims pertaining to Hylemon and Arazi and the Ninth, Tenth, Eleven,

9

Twelfth, Thirteen, Fourteenth, and Fifteen Claims in their entirety pursuant to Fed. R. Civ. Pr. Rule 12(b)(6) for failure to state a claim, and award such other and further relief as this Court deems just and equitable.

Dated: New York, New York
July 2, 2021

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY, P.C.**

By: */s/ Ivan Smith*
Ivan Smith, Esq.
Marc-Joseph Gansah, Esq.
640 Fifth Avenue, 9th Floor
New York, NY 10019-6102
(212) 440-4400