UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CORINNE ARAZI, ROSEANN HYLEMON, and        Case No.: 20-cv-08837(GHW)(SDA)
EVELYN JULIA,

                Plaintiffs,

   -against-

COHEN BROTHERS REALTY CORPORATION,

                Defendant.

-------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO THE
## BRIEF OF AMICUS CURIAE NELA/NY

Ivan D. Smith, Esq.                                 BUCHANAN INGERSOLL & ROONEY PC
Marc-Joseph Gansah, Esq.

                                                 *Attorneys for Defendant Cohen Brothers Realty*
                                                 *Corporation*

## TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ................................................................................................................. 1

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 1

    I.    EXECUTIVE ORDERS WERE NOT LAW IN 2020 ........................................... 1

    II.    THE AMICUS CURIAE MISINTERPRETS THE EXECUTIVE ORDERS ................................................................................................................. 3

    III.    DEFENDANT DID NOT VIOLATE THE EXECUTIVE ORDERS .................... 3

    IV.    DEFENDANT DID NOT ENDANGER PUBLIC SAFETY ................................. 5

CONCLUSION ...................................................................................................................... 6

## INTRODUCTION

Defendant Cohen Brothers Realty Corporation ("Cohen Bros." or "Defendant"), by its undersigned attorneys, Buchanan Ingersoll & Rooney PC, submits its opposition to the Memorandum of Law of Amicus Curiae National Employment Lawyers Association/New York's ("NELA/NY") filed on June 18, 2021 in this case (the "Amicus Br.").

## PRELIMINARY STATEMENT

In the Amicus Br. (Dkt. 55), NELA/NY wrongfully asserts that Defendant flouted Governor Cuomo's executive orders 202.6 and 202.8 (the "Executive Orders") and endangered public safety. This is not the case. First, it is well-settled that an executive order, standing alone, is not law. Second, NELA/NY misinterprets the Executive Orders. Contrary to NELA/NY's assertions, the Executive Orders did not order private employers to create and adopt a work from home policy if they did not already have one in place, in order to allow employees to work from home. Third, Defendant complied with the Executive Orders. It did not order any employee to report to work in the New York office after the Governor Cuomo issued the Executive Orders and it reduced its workforce by placing Plaintiffs and other employees on furlough. Fourth, Defendant did not endanger public health safety.

## ARGUMENT

**I.      EXECUTIVE ORDERS WERE NOT LAW IN 2020**

In the Amicus Br., NELA argues that the Executive Orders carry the full weight of the law. (Amicus Br. at 4). It is noteworthy that the Amicus Curiae does not state that the Executive Orders were a law, rule or regulation as is contemplated under Section 740, but merely carry the full weight of the law.

1

At the time Governor Cuomo issued the Executive Orders, they were not law. An executive order "is an implementing directive, not a law." *Godfrey v. Spano*, 836 N.Y.S.2d 813, 819 (Sup. Ct. Westchester Cty.) (citing *Clark v. Cuomo*, 66 N.Y.2d 185 (1985)).

An executive order functions merely as an "implementing directive" made under an already-existing law. *Id; See also People v. Haneiph*, 191 Misc. 2d 738, 743 (Sup. Ct. Kings Cty. 2002) (affirming Governor's order under Section 29-a while noting that an executive act is valid so "long as 'the basic policy decisions underlying the regulations have been made and articulated by the Legislature.'" (quoting *Matter of N.Y.S. Health Facilities Ass'n v. Axelrod*, 77 N.Y.2d 340, 348 (1991)). Case law is clear that contrary to the Amicus Curiae's position, executive orders are not considered laws. The legislation on which NELA relies to convert the Executive Orders into law were not promulgated law in 2020, but in 2021. In the Amicus Br. NELA cites two pieces of legislation that were passed in 2021 concerning the Executive Orders. NELA, however, fails to cite any case law or legislations that were in effect at the time Governor Cuomo signed the Executive Orders in March 2020, as the basis for the Executive Orders. For these reasons, it is clear that in March 2020, the Executive Orders were not duly enacted laws, rules or regulations as contemplated by Section 740. Accordingly, Plaintiffs cannot point to any viable law, rule or regulation which Defendant purportedly violated. Thus, the Section 740 claims fail, as a matter of law.

**II.     THE AMICUS CURIAE MISINTERPRETS THE EXECUTIVE ORDERS**

The Amicus Curiae misinterprets the Executive Orders to mandate the creation of a work from home policy for employers if they did not already have one in place. This is simply wrong. Nothing in the Executive Orders mandated private employers that did not have a work from home policy, like Defendant, to create one, or to offer a work from home option to their employees. Furthermore, the Executive Orders did not mandate remote work. The Executive Orders simply

2

mandated "non-essential" New York businesses to reduce their in-person workforce at any work location by 50%, 75% and 100%.

### III. DEFENDANT DID NOT VIOLATE THE EXECUTIVE ORDERS

The Amicus Curiae wrongfully asserts that Defendant "flouted" the Executive Orders. (*Amicus Br.,* p. 4) Defendant did not violate the Executive Orders. First, as explained above, the Executive Orders did not mandate Defendant to create a work from home policy. Second, Defendant did not have a work from home policy in place and it would have been an undue hardship on Defendant to create one in the middle of a pandemic. That would have imposed a heavy financial burden on Defendant to equip all employees to work from home, the creation of new practices and regulations, and a complete change of its business model. It is well settled that an accommodation "shall not cause undue hardship in the conduct of the [employer's] business." N.Y.C. Admin Code § 8–102(18); *Lazzari v. New York City Dep't of Parks & Recreation*, 751 F. App'x 100, 104 (2d Cir. 2018) ("Failure to come to work impeded the City's ability to maintain its parks and facilities and placed a strain on other workers and the City therefore established that a reasonable accommodation was not available.").

Third, in the present case, Defendant followed the Executive Orders. Amicus Curiae mistakenly asserts that Plaintiffs allege that Defendant did not comply with the Executive Orders and ordered all employees, on March 16, 2020, to come to work. As support, Amicus Curiae cites to the Third Amended Complaint (Dkt. 38 ¶ 132) (*Amicus Brf. at 4*). Plaintiffs, however, did not make any such allegation in the Third Amended Complaint. In Paragraph 132, Plaintiffs allege in part as follows:

On March 16, 2020, Mr. Cherniak sent an email to all employees offering a) no-cost parking, and b) carpooling to have all employees come to work at the office –

3

Moreover, the first relevant Executive Order was signed on March 18, 2020 so two days *after* Mr. Cherniak sent the aforementioned email. Defendant could not have violated the Executive Orders before Governor Cuomo signed and published them. Amicus Curiae goes on to list a number of activities that Defendant engaged in prior to the promulgation of the Executive Orders to reduce the workforce by 100%. (Amicus Br. at pp. 4-5). However, none of the actions attributed to Defendant violated the Executive Orders. First, most of Defendant's actions occurred prior to the issuance of the Executive Orders to reduce the workforce by 100%. Second, Plaintiffs do not allege that Defendant issued any order to its employees mandating them to come into the office during the pandemic. Defendant may have offered incentives and perks to employees to make it safer and easier to commute to the office location but it never ordered anyone to come into the office.

Third, at the time of the Executive Orders, Plaintiffs were not commuting to the office. Plaintiff's last day in the office was March 13 and 18, 2020. (*Am. Cmplt.* ¶¶ *42, 30, 72, 116*) The Executive Orders were issued on March 18 and March 20, 2020.

Plaintiffs and Amicus Curiae claim that Defendant's violation occurred based on Cohen's statements that "NY State mandate to reduce the in-person workforce by 100% is somewhat ambiguous," and "so we intend to keep our buildings open and operational. Please make your own decision whether or not to come to work being guided by the time off policies previously advised." (*Am. Cmplt*.¶¶ *149-150*) The statements attributed to Defendant, even if true, does not demonstrate a violation of the Executive Orders. In any event, based on Plaintiffs' own statements, they stopped coming into the office in March by taking a series of paid time off, prior to the issuance of the Executive Orders and were furloughed in May and never had to return physically to the office. (*Am. Cmplt*. ¶¶ *42, 116, 172*).

4

In accordance with the Executive Orders, Defendant did not require Plaintiffs to return to the New York location. On the contrary, in absence of a work from home policy and in light of the Executive Orders, Defendant placed Plaintiffs on furlough. Placing employees on furlough, in the absence of the work from home policy, cannot be a violation of the Executive Orders. Indeed, furloughing employees was an option that permitted employers to meet the objectives of the Executive Orders. Indeed, thousands of companies around the State of New York used this method to comply with the Executive Orders. For these reasons, Defendant did not violate the Executive Orders.

## IV.   DEFENDANT DID NOT ENDANGER PUBLIC SAFETY

The Amicus Curiae claims Defendant "endangered" public safety. (*Amicus Br. p*.5). Defendant forcefully denies doing so. "[T]he provisions of [Section 740] regarding retaliatory discharge are to be strictly construed." *Cotrone v. Consol. Edison Co. of N.Y., Inc.*, 50 A.D.3d 354, 354 (1st Dep't 2008); *see also Remba v. Fed'n Employment & Guidance Serv.*, 76 N.Y.2d 801, 803 (1990) (affirming dismissal of claim under Section 740 because defendant's conduct "is not the type of violation which creates a substantial and specific danger to the public health or safety") (internal quotation marks omitted). The statute "clearly envisions a certain quantum of dangerous activity before its remedies are implicated." *Peace v. KRNH, Inc.*, 12 A.D.3d 914, 915 (3d Dep't 2004); *see also Pugliese v. Actin Biomed LLC*, Ind. No. 103104/2010, 2012 NY Slip Op 31566, at *7 (N.Y. Sup. Ct., June 7, 2012) (A section 740 claim requires a "quantum of dangerous activity," which is something more than just "'mere speculation' of a public detriment."). In the present case, Defendant did not violate the Orders. It is utter speculation that Defendant violated the Executive Orders. There is not a single allegation that Defendant brought employees back to the office after the Executive Orders. Furthermore, Plaintiffs cannot make this allegation as their last day in the office were March 13 and March 18, 2020. They did and have not been back to the

New York office since so it would be unfounded speculation. Therefore, in the absence of an established violation of the Executive Orders, Plaintiffs can't prove that Defendant endangered public safety.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court the Amicus Brief's arguments and dismiss in its entirety Count Nine of the Third Amended Complaint.

Dated: New York, New York
July 2, 2021

        Respectfully submitted,

        **BUCHANAN INGERSOLL & ROONEY, P.C.**

        By: _/s/ Ivan Smith_
        Ivan Smith, Esq.
        Marc-Joseph Gansah, Esq.
        640 Fifth Avenue, 9th Floor
        New York, NY 10019-6102
        (212) 440-4400