# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
CORINNE ARAZI, ROSEANN
HYLEMON, and EVELYN JULIA,

                Plaintiffs,

-against-

COHEN BROTHERS REALTY
CORPORATION,

                Defendant.
------------------------------------------------------- X

Index No. 20 Civ. 08837 (GHW) (SDA)

**NON-PARTY CHARLES S. COHEN'S RESPONSE AND OBJECTIONS TO SUBPOENA DUCES TECUM TO CHARLES S. COHEN**

Non-party Charles S. Cohen ("Cohen"), by and through his attorneys, Seyfarth Shaw LLP, and pursuant to Rule 45 of the Federal Rules of Civil Procedure hereby submits his Response and Objections to Subpoena Duces Tecum of Charles S. Cohen dated November 9, 2022 (the "Subpoena") as follows:

## RESERVATION OF RIGHTS

Cohen responds to this Subpoena subject to the accompanying objections, without waiving and expressly preserving all such objections. Cohen also submits these responses subject to, without intending to waive, and expressly preserving: (a) any objections as to privilege or work product and (b) the right to object to other discovery procedures concerning the subject matter of the document requests to which he responds herein.

## GENERAL OBJECTIONS

1.     Cohen's objections to the Subpoena are prescribed by, and he hereby responds in accordance with, the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern District of New York.

2.       Cohen objects to the Subpoena to the extent it seeks information and documents not within his possession, custody, or control.

3.       Cohen objects to the Subpoena to the extent it calls for a legal conclusion.

4.       Cohen objects to the Subpoena to the extent it seeks attorney work product, hearing and/or litigation or preparation materials, or communications protected by the attorney-client privilege or any other applicable privilege.

5.       Cohen objects to the Subpoena to the extent it calls for disclosure of (i) confidential or proprietary business information and/or (ii) personal information about individuals who are not parties to this action, including present or former employees of Defendant Cohen Brothers Realty Corporation.

6.       Each and every response to the Subpoena is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular request in the Subpoena is not intended to constitute a waiver of the General Objections that are not specifically referenced in that response.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All text messages[1] with anyone other than Plaintiffs, including but not limited to Steven Cherniak, Steven Fredericks, Marc Horowitz, David Fogel, Veronica Olmo, Luz Munoz, and/or Clodagh "Clo" Cohen, concerning any or all of the Plaintiffs, including but not limited to concerning or reflecting a) their job duties, b) their hours worked, c) their classification as exempt,

---

[1] To be produced in searchable format such that they can be searched at once rather than only within each document. The ESI should be de-duplicated. The ESI should be produced in chronological order. Terms should not be capital or lower case specific. An asterisk (*) denotes that all possible endings should be included, whether 1 or more additional characters.

d) anything related to their gender, sexuality, attractiveness, appearance, clothing, or dating, e) their requests to work from home between March 1, 2020 and May 1, 2020, f) the asserted medical conditions of the Plaintiffs or their significant others, g) any request to work from home, or actual working from home, by any employee of Defendant, from March 1, 2020 to May 1, 2020, h) COVID-19 from March 1, 2020 to May 1, 2020, i) any executive order of Governor Cuomo concerning COVID-19 from March 1, 2020 to May 1, 2020, including but not limited to those orders to reduce in-person workforces, j) any work-from-home policy or lack thereof of Defendant from March 1, 2020 to May 1, 2020, k) whether any or all employees of Defendant were essential or not under Governor Cuomo's COVID-19-related orders from March 15, 2020 to May 1, 2020, 1) Plaintiffs' furlough, m) the January 19, 2021 Variety article concerning Plaintiffs' lawsuit, n) Plaintiffs' legal claims asserted formally and informally, o) the mediation of Plaintiffs' legal claims, p) Plaintiffs' "recall" to work at Defendant, q) the ending of Plaintiffs' employment, r) any of Plaintiffs' allegations in their Third Amended Complaint, s) any of the allegations and damages claimed in Defendant's Counterclaims, or t) any documents responsive to the document requests served by Plaintiffs on Defendant.

**RESPONSE:**

Cohen objects to this Request to the extent it seeks production of materials protected by the attorney-client privilege, work product doctrine, and other applicable privileges. Moreover, Cohen further objects on the basis that this Request is overly broad and unduly burdensome. Cohen is not a party to this action, and this Request is no more than an end-run around party discovery and an effort to harass Defendant's employees. Cohen maintains the same phone number for his personal and work related communications. All company-related communications are done via email and not by texts. Moreover, all emails sent by and received by Cohen that are responsive to

the Subpoena are in the possession, custody, and control of Defendant Cohen Brothers Realty Corporation and are necessarily captured by Plaintiffs' discovery requests to Defendant and Defendant's discovery responses to those requests. Plaintiffs' recourse is seeking production by Defendant, not serving a Subpoena on a non-party employee.

Dated: New York, New York
November 23, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Ivan Smith*

Ivan D. Smith
idsmith@seyfarth.com
Maureen M. Stampp
mstampp@seyfarth.com
620 Eighth Avenue
New York, New York  10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526

*Attorneys for Non-Party Charles S. Cohen*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

CORINNE ARAZI, ROSEANN HYLEMON, and EVELYN JULIA,

                Plaintiffs,

-against-

COHEN BROTHERS REALTY CORPORATION,

                Defendant.

------------------------------------------------------- X

Index No. 20 Civ. 08837 (GHW) (SDA)

**RESPONSE AND OBJECTIONS TO SUBPOENA DUCES TECUM TO STEVEN CHERNIAK**

Non-party Steven Cherniak ("Cherniak"), by and through his attorneys, Seyfarth Shaw LLP, and pursuant to Rule 45 of the Federal Rules of Civil Procedure hereby submits his Response and Objections to Subpoena Duces Tecum to Steven Cherniak dated November 9, 2022 ("Subpoena") as follows:

### RESERVATION OF RIGHTS

Cherniak responds to this Subpoena subject to the accompanying objections, without waiving and expressly preserving all such objections. Cherniak also submits these responses subject to, without intending to waive, and expressly preserving: (a) any objections as to privilege or work product and (b) the right to object to other discovery procedures concerning the subject matter of the document requests to which he responds herein.

### GENERAL OBJECTIONS

1.     Cherniak's objections to the Subpoena are prescribed by, and he hereby responds in accordance with, the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern District of New York.

2.       Cherniak objects to the Subpoena to the extent it seeks information and documents not within his possession, custody, or control.

3.       Cherniak objects to the Subpoena to the extent it calls for a legal conclusion.

4.       Cherniak objects to the Subpoena to the extent it seeks attorney work product, hearing and/or litigation or preparation materials, or communications protected by the attorney-client privilege or any other applicable privilege.

5.       Cherniak objects to the Subpoena to the extent it calls for disclosure of (i) confidential or proprietary business information and/or (ii) personal information about individuals who are not parties to this action, including present or former employees of Defendant Cohen Brothers Realty Corporation.

6.       Each and every response to the Subpoena is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular request in the Subpoena is not intended to constitute a waiver of the General Objections that are not specifically referenced in that response.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All text messages[1] with anyone other than Plaintiffs, including but not limited to Steven Cherniak, Steven Fredericks, Marc Horowitz, David Fogel, Veronica Olmo, Luz Munoz, and/or Clodagh "Clo" Cohen, concerning any or all of the Plaintiffs, including but not limited to concerning or reflecting a) their job duties, b) their hours worked, c) their classification as exempt,

---

[1] To be produced in searchable format such that they can be searched at once rather than only within each document. The ESI should be de-duplicated. The ESI should be produced in chronological order. Terms should not be capital or lower case specific. An asterisk (*) denotes that all possible endings should be included, whether 1 or more additional characters.

2

d) anything related to their gender, sexuality, attractiveness, appearance, clothing, or dating, e) their requests to work from home between March 1, 2020 and May 1, 2020, f) the asserted medical conditions of the Plaintiffs or their significant others, g) any request to work from home, or actual working from home, by any employee of Defendant, from March 1, 2020 to May 1, 2020, h) COVID-19 from March 1, 2020 to May 1, 2020, i) any executive order of Governor Cuomo concerning COVID-19 from March 1, 2020 to May 1, 2020, including but not limited to those orders to reduce in-person workforces, j) any work-from-home policy or lack thereof of Defendant from March 1, 2020 to May 1, 2020, k) whether any or all employees of Defendant were essential or not under Governor Cuomo's COVID-19-related orders from March 15, 2020 to May 1, 2020, 1) Plaintiffs' furlough, m) the January 19, 2021 Variety article concerning Plaintiffs' lawsuit, n) Plaintiffs' legal claims asserted formally and informally, o) the mediation of Plaintiffs' legal claims, p) Plaintiffs' "recall" to work at Defendant, q) the ending of Plaintiffs' employment, r) any of Plaintiffs' allegations in their Third Amended Complaint, s) any of the allegations and damages claimed in Defendant's Counterclaims, or t) any documents responsive to the document requests served by Plaintiffs on Defendant.

**RESPONSE:**

Cherniak objects to this Request to the extent it seeks production of materials protected by the attorney-client privilege, work product doctrine, and other applicable privileges. Moreover, Cherniak further objects on the basis that this Request is overly broad and unduly burdensome. Cherniak is not a party to this action, and this Request is no more than an end-run around party discovery and an effort to harass Defendant's employees. Cherniak maintains the same phone number for his personal and work related communications. All company-related communications are done via email and not by texts. Moreover, all company emails sent by and received by

3

Cherniak that are responsive to the Subpoena are in the possession, custody, and control of Defendant Cohen Brothers Realty Corporation and are necessarily captured by Plaintiffs' discovery requests to Defendant and Defendant's discovery responses to those requests. Plaintiffs' recourse is seeking production by Defendant, not serving a Subpoena on a non-party employee.

Dated: New York, New York  
November 23, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Ivan Smith*

Ivan D. Smith  
idsmith@seyfarth.com  
Maureen M. Stampp  
mstampp@seyfarth.com  
620 Eighth Avenue  
New York, New York  10018  
Telephone:  (212) 218-5500  
Facsimile:  (212) 218-5526

*Attorneys for Steve Cherniak*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
CORINNE ARAZI, ROSEANN
HYLEMON, and EVELYN JULIA,

                  Plaintiffs,

    -against-

COHEN BROTHERS REALTY
CORPORATION,

                  Defendant.
------------------------------------------------------- X

Index No. 20 Civ. 08837 (GHW) (SDA)

**NON-PARTY STEPHEN FREDERICKS' RESPONSE AND OBJECTIONS TO SUBPOENA DUCES TECUM TO STEPHEN FREDERICKS**

      Non-party Stephen Fredericks ("Fredericks"), by and through his attorneys, Seyfarth Shaw LLP, and pursuant to Rule 45 of the Federal Rules of Civil Procedure hereby submits his Response and Objections to Subpoena Duces Tecum to Stephen Fredericks dated November 9, 2022 (the "Subpoena") as follows:

### RESERVATION OF RIGHTS

      Fredericks responds to this Subpoena subject to the accompanying objections, without waiving and expressly preserving all such objections. Fredericks also submits these responses subject to, without intending to waive, and expressly preserving: (a) any objections as to privilege or work product and (b) the right to object to other discovery procedures concerning the subject matter of the document requests to which he responds herein.

### GENERAL OBJECTIONS

1.     Fredericks' objections to the Subpoena are prescribed by, and he hereby responds in accordance with, the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern District of New York.

2.  Fredericks objects to the Subpoena to the extent it seeks information and documents not within his possession, custody, or control.

3.  Fredericks objects to the Subpoena to the extent it calls for a legal conclusion.

4.  Fredericks objects to the Subpoena to the extent it seeks attorney work product, hearing and/or litigation or preparation materials, or communications protected by the attorney-client privilege or any other applicable privilege.

5.  Fredericks objects to the Subpoena to the extent it calls for disclosure of (i) confidential or proprietary business information and/or (ii) personal information about individuals who are not parties to this action, including present or former employees of Defendant Cohen Brothers Realty Corporation.

6.  Each and every response to the Subpoena is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular request in the Subpoena is not intended to constitute a waiver of the General Objections that are not specifically referenced in that response.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All text messages[1] with anyone other than Plaintiffs, including but not limited to Steven Cherniak, Steven Fredericks, Marc Horowitz, David Fogel, Veronica Olmo, Luz Munoz, and/or Clodagh "Clo" Cohen, concerning any or all of the Plaintiffs, including but not limited to concerning or reflecting a) their job duties, b) their hours worked, c) their classification as exempt,

---

[1] To be produced in searchable format such that they can be searched at once rather than only within each document. The ESI should be de-duplicated. The ESI should be produced in chronological order. Terms should not be capital or lower case specific. An asterisk (*) denotes that all possible endings should be included, whether 1 or more additional characters.

2

d) anything related to their gender, sexuality, attractiveness, appearance, clothing, or dating, e) their requests to work from home between March 1, 2020 and May 1, 2020, f) the asserted medical conditions of the Plaintiffs or their significant others, g) any request to work from home, or actual working from home, by any employee of Defendant, from March 1, 2020 to May 1, 2020, h) COVID-19 from March 1, 2020 to May 1, 2020, i) any executive order of Governor Cuomo concerning COVID-19 from March 1, 2020 to May 1, 2020, including but not limited to those orders to reduce in-person workforces, j) any work-from-home policy or lack thereof of Defendant from March 1, 2020 to May 1, 2020, k) whether any or all employees of Defendant were essential or not under Governor Cuomo's COVID-19-related orders from March 15, 2020 to May 1, 2020, 1) Plaintiffs' furlough, m) the January 19, 2021 Variety article concerning Plaintiffs' lawsuit, n) Plaintiffs' legal claims asserted formally and informally, o) the mediation of Plaintiffs' legal claims, p) Plaintiffs' "recall" to work at Defendant, q) the ending of Plaintiffs' employment, r) any of Plaintiffs' allegations in their Third Amended Complaint, s) any of the allegations and damages claimed in Defendant's Counterclaims, or t) any documents responsive to the document requests served by Plaintiffs on Defendant.

**RESPONSE:**

Fredericks objects to this Request to the extent it seeks production of materials protected by the attorney-client privilege, work product doctrine, and other applicable privileges. Moreover, Fredericks further objects on the basis that this Request is overly broad and unduly burdensome. Fredericks is not a party to this action, and this Request is no more than an end-run around party discovery and an effort to harass Defendant's employees. Fredericks maintains the same phone number for his personal and work related communications. All company-related communications are done via email and not by texts. Moreover, all emails sent by or received by Fredericks are in

3

the possession, custody, and control of Defendant Cohen Brothers Realty Corporation and are necessarily captured by Plaintiffs' discovery requests to Defendant and Defendant's responses to those requests. Plaintiffs' recourse is seeking production by Defendant, not serving a Subpoena on a non-party employee.

Dated:  New York, New York
        November 23, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Ivan Smith*
    Ivan D. Smith
    idsmith@seyfarth.com
    Maureen M. Stampp
    mstampp@seyfarth.com
    620 Eighth Avenue
    New York, New York  10018
    Telephone:  (212) 218-5500
    Facsimile:  (212) 218-5526

    ***Attorneys for Non-Party Stephen Fredericks***